NOT DESIGNATED FOR PUBLICATION

No. 112,946

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH E. POTTER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed September 4, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., HILL and BRUNS, JJ.


*Per Curiam*:  Joseph Edmund Potter appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Potter's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed no response.

On September 13, 2012, Potter pled guilty to one count each of aggravated assault, criminal threat, and stalking. On October 19, 2012, the district court imposed a controlling sentence of 18 months' imprisonment but placed Potter on probation with community corrections for 24 months. Potter did not timely appeal his sentence.

1

On May 30, 2014, the State filed a motion to revoke Potter's probation alleging that he failed to report to his probation officer as directed, failed to refrain from illegal drug use, and failed to report for random drug testing. At a hearing on August 5, 2014, Potter stipulated to the probation violations. The district court found that Potter had violated his probation for the reasons set forth in the motion and entered a specific finding that Potter was an absconder. The district court revoked Potter's probation and ordered him to serve his underlying prison sentence. Potter timely appealed.

On appeal, Potter contends that the district court erred in revoking his probation and ordering him to serve his underlying prison sentence. Potter argues that the district court's decision does not benefit either Potter or the State.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Potter acknowledges, K.S.A. 2014 Supp. 22-3716(c)(8) provides that if an offender absconds from supervision, the district court may revoke probation without having previously imposed an intermediate sanction. Potter does not contest the district court's finding that he was an absconder. Potter violated his probation on numerous grounds, including the use of drugs and failure to report. The district court's decision to revoke Potter's probation was not arbitrary, fanciful, or unreasonable, and the decision

2

was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Potter's probation and ordering him to serve his underlying prison sentence.

Affirmed.