NOT DESIGNATED FOR PUBLICATION

Nos. 111,028
112,031

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKY JONES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed September 11, 2015. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

Before MALONE, C.J., ARNOLD-BURGER, J., and JOHNSON, S.J.

*Per Curiam*:  Ricky Jones appeals from his revocation and reinstatement of probation in two separate hearings. Jones argues that the district court erred when it reinstated his probation without applying the intermediate sanctions provided in K.S.A. 2013 Supp. 22-3716(c) or making specific findings to circumvent the intermediate sanctions. Jones also argues that the district court abused its discretion when it elected to reinstate his probation instead of terminating his probation. Finding no error, we affirm the district court's judgment.

1

On July 28, 2011, Jones pled guilty to two counts of burglary, severity level 9 nonperson felonies; one count of theft, a severity level 9 nonperson felony; and one count of theft, a class A nonperson misdemeanor. On February 2, 2012, the district court imposed a controlling sentence of 18 months' imprisonment with 12 months' postrelease supervision. The district court placed Jones on probation with community corrections for 12 months and ordered $5,653.64 in restitution. Jones did not appeal his sentence.

On February 1, 2013, the district court issued an order to appear to Jones for violating the conditions of his probation by failing to pay court costs and restitution as directed. Jones signed a consent order to extend his probation for another 12 months on February 11, 2013. The district court approved the consent order on February 14, 2013.

On June 25, 2013, the district court issued an arrest warrant for Jones. The warrant alleged that Jones violated his probation by committing the offenses of aggravated battery and battery on June 23, 2013. Jones moved to dismiss the warrant arguing that his initial term of probation expired on February 2, 2013, before he signed the consent order to extend his probation for another year. The district court denied the motion to dismiss on the ground that the issuance of the order to appear on February 1, 2013, prevented Jones' probation from expiring.

The district court held a hearing on the probation revocation on October 9, 2013. At the hearing, the State agreed to amend the allegation in the warrant to allege that Jones violated his probation by consuming extremely large amounts of alcohol on June 23, 2013, instead of committing the offenses of aggravated battery and battery on that date. Jones waived his right to an evidentiary hearing and stipulated to the amended allegation. The State requested that Jones' probation be reinstated and extended for a period of 12 months with the additional condition that Jones receive a drug and alcohol evaluation and follow any recommendations of the evaluation. Jones requested that the district court terminate his probation, renewing his argument that the original term of probation was

2

improperly extended. Jones also argued that the time he had spent in custody prior to the hearing was a sufficient sanction to allow termination. The district court adopted the State's recommendation and reinstated and extended Jones' probation for 12 months with the additional condition that he obtain a drug and alcohol evaluation and follow all recommendations. Jones timely appealed the district court's October 9, 2013, order.

On February 25, 2014, the district court issued a warrant for Jones. The warrant alleged that Jones violated his probation by committing the act of disorderly conduct on February 22, 2014, by patronizing a place whose primary source of income was from the sale of alcohol, by failing to make payments on court costs and restitution, by consuming alcohol on February 22, 2014, and by failing to complete community service.

The district court held a hearing to revoke Jones' probation on March 27, 2014. At the hearing, Jones initially renewed his argument for dismissal because his original probation term had been improperly extended. The district court rejected Jones' argument. After the court rejected his motion to dismiss, Jones admitted to the allegations that he violated his probation by patronizing a place whose primary source of income was from the sale of alcohol, by failing to pay court costs and restitution, by consuming alcohol on February 22, 2014, and by failing to complete any community service. Jones did not contest the State's allegation that he violated his probation by committing the act of disorderly conduct on February 22, 2014.

The State requested the district court to extend Jones' probation for 12 months with the additional condition that he complete the residential center program. Jones' attorney joined in the State's recommendation. The district court adopted the recommendations of the parties and reinstated Jones' probation for 12 months with the condition that he complete the residential program. Jones timely appealed the March 27, 2014, order. Jones' two separate appeals have been consolidated.

3

On appeal, Jones argues that the district court erred when it reinstated his probation without applying the intermediate sanctions provided in K.S.A. 2014 Supp. 22-3716(c), or making specific findings to circumvent the intermediate sanctions. Jones also argues that the district court abused its discretion when it elected to reinstate his probation instead of terminating his probation. Jones does not renew his argument that the district court improperly extended the original term of his probation. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013).

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, the district court's decision whether to revoke or reinstate probation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Jones' argument that the district court failed to apply the graduated sanctions provided in K.S.A. 2014 Supp. 22-3716(c) involves statutory interpretation. Interpretation of a statute is question of law over which appellate courts have unlimited review. *Milano's, Inc. v. Kansas Dept. of Labor*, 296 Kan. 497, 500, 293 P.3d 707 (2013).

*Revocation hearing on October 9, 2013*

Jones first argues that the district court erred when it reinstated and extended his probation on October 9, 2013, without applying the intermediate sanctions provided in K.S.A. 2013 Supp. 22-3716(c), or making specific findings to circumvent the intermediate sanctions. Jones argues that the intermediate sanctions provided in K.S.A. 2013 Supp. 22-3716(c) are procedural in nature and apply retroactively to his case even though his underlying robbery was committed in 2011.

In *State v. Kurtz,* 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014), this court noted that the Kansas Legislature amended K.S.A. 22-3716 effective July 1, 2014. The amendment, codified at K.S.A. 2014 Supp. 22-3716(c)(12), provides: "[t]he violation sanctions provided in this subsection shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced." 51 Kan. App. 2d at 56. The *Kurtz* court held that this language made it clear that the legislature intended for a probation violation to be governed by the law at the time the violation occurred, rather than the law at the time the probation revocation hearing is held or when the underlying crime was committed. 51 Kan. App. 2d at 50, 56.

At the hearing on October 9, 2013, the district court revoked and reinstated Jones' probation based on a violation that occurred on June 23, 2013. Based on *Kurtz* and the clear language of K.S.A. 2014 Supp. 22-3716(c)(12), the intermediate sanctions under the statute did not apply to the probation violation that occurred on June 23, 2013.

Even if the provisions for intermediate sanctions under the statute applied at the October 9, 2013, hearing, the district court did not err when it reinstated Jones' probation without applying the intermediate sanctions provided in K.S.A. 2013 Supp. 22-3716(c) or

5

making specific findings to circumvent the intermediate sanctions. K.S.A. 2013 Supp. 22-3716(c)(1) provides the sanctions a district court may impose when a violation of a defendant's probation is established and the original crime of conviction was a felony. K.S.A. 2013 Supp. 22-3716(c)(1)(A) provides that one sanction the court may impose is "[c]ontinuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction."

K.S.A. 2013 Supp. 22-3716(c)(1)(B) provides that the district court may impose "an intermediate sanction of confinement in jail for a total of not more than six days per month in any three separate months during the period of release supervision. The six days per month confinement may only be imposed as two-day or three-day consecutive periods." K.S.A. 2013 Supp. 22-3716(c)(1)(C) allows the district court to remand "the defendant to the custody of the secretary of corrections for a period of 120 days, subject to a reduction of up to 60 days in the discretion of the secretary" if the court has previously imposed one sanction under K.S.A. 2013 Supp. 22-3716(c)(1)(B).

K.S.A. 2013 Supp. 22-3716(c)(1)(D) provides that the court may remand "the defendant to the custody of the secretary of corrections for a period of 180 days, subject to a reduction of up to 90 days in the discretion of the secretary" if the court previously imposed a sanction under K.S.A. 2013 Supp. 22-3716(c)(1)(B) or (C). Finally, K.S.A. 2013 Supp. 22-3716(c)(1)(E) allows the district court to revoke a defendant's probation and require the defendant to serve the original sentence imposed if the court has previously imposed a sanction under K.S.A. 2013 Supp. 22-3716(c)(1)(C) or (D).

Based on the graduated scheme set forth in the statute, the district court was not required to impose intermediate sanctions for Jones' probation violation before it extended his probation. K.S.A. 2013 Supp. 22-3716(c)(1)(A) allows a district court to impose a continuation of probation as a sanction when a violation of probation has been established. Stated differently, K.S.A. 2013 Supp. 22-3716(c)(1)(A) allows the district

6

court to reinstate and extend a defendant's probation before considering any of the intermediate sanctions subsequently set forth in the statute. Jones received the minimum sanction for his admitted probation violation at the hearing on October 9, 2013, *i.e.*, reinstatement of his probation. The district court did not err when it reinstated Jones' probation without applying the intermediate sanctions provided in K.S.A. 2013 Supp. 22-3716(c) or making specific findings to circumvent the intermediate sanctions.

Finally, Jones argues that the district court abused its discretion when it elected to reinstate his probation instead of terminating his probation. Specifically, Jones argues that the district court failed to make sufficient findings of necessity under K.S.A. 2013 Supp. 21-6608(c)(8) before extending Jones' probation.

K.S.A. 2013 Supp. 21-6608(c)(8) allows the district court to modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. But this statute does not apply when the district court is revoking, reinstating, and extending a defendant's probation based on a probation violation. The probation violation itself provides sufficient grounds to reinstate and extend the term of the probation. However, even if the statute is applicable when a probation violation has occurred, the district court found it necessary to extend Jones' probation at the October 9, 2013, hearing in order for Jones to receive a drug and alcohol evaluation and follow the recommendations of the evaluation. Thus, the district court did not abuse its discretion when it elected to reinstate Jones' probation instead of terminating his probation.

*Revocation hearing on March 27, 2014*

Jones again argues that the district court erred when it reinstated his probation on March 27, 2014, without applying the intermediate sanctions provided in K.S.A. 2013 Supp. 22-3716(c), or making specific findings to circumvent the intermediate sanctions. The hearing on March 27, 2014, was held to address Jones' probation violations that

7

occurred in February 2014. Thus, the provisions of K.S.A. 2013 Supp. 22-3716(c) applied because the probation violations occurred after July 1, 2013. However, for the reasons previously stated, K.S.A. 2013 Supp. 22-3716(c)(1)(A) allowed the district court to reinstate and extend Jones' probation before considering any of the intermediate sanctions subsequently set forth in the statute. Likewise, the district court did not err when it failed to make specific findings to circumvent the intermediate sanctions.

Finally, Jones argues that the district court abused its discretion when it elected to reinstate his probation instead of terminating his probation. Jones again argues that the district court failed to make sufficient findings of necessity under K.S.A. 2013 Supp. 21-6608(c)(8) before it extended his probation. Jones' argument is curious because at the hearing on March 27, 2014, he joined in the State's recommendation to extend his probation for 1 year. Any error committed by the district court in extending Jones' probation was invited by Jones. A litigant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014).

In any event, for the reasons previously stated, we find that the provisions of K.S.A. 2013 Supp. 21-6608(c)(8) do not apply when the district court extends a defendant's probation based on a probation violation. Even if the statute applies, the district court found it was necessary to extend Jones' probation on March 27, 2014, so that he could complete the residential program. The district court did not abuse its discretion when it elected to reinstate Jones' probation on March 27, 2014, instead of terminating his probation.

Affirmed.

8