NOT DESIGNATED FOR PUBLICATION

Nos. 112,536
112,537

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUSTIN CROAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed September 11, 2015. Affirmed.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., ARNOLD-BURGER, J., and JOHNSON, S.J.

*Per Curiam*: Austin Croan appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentences in two separate cases, which have been consolidated for appeal. Finding no error, we affirm the district court's judgment.

In 12CR1214, Croan pled guilty to two counts of burglary of a dwelling. In 12CR1476, Croan pled guilty to one count of burglary of a vehicle. The district court held a sentencing hearing in both cases on February 20, 2013. In 12CR1214, the district

1

court imposed a controlling sentence of 34 months' imprisonment with 12 months' postrelease supervision. In 12CR1476, the district court sentenced Croan to 13 months' imprisonment with 12 months' postrelease supervision. The district court ordered the sentences to run consecutively. The district court granted a dispositional departure in both cases and placed Croan on probation with community corrections for 24 months.

On March 7, 2014, the State filed a motion to revoke Croan's probation on three grounds. First, the State alleged that Croan violated his probation when he was arrested on February 18, 2014, for driving under the influence (DUI) in Overland Park, Kansas. Second, the State alleged that Croan violated his probation when he admitted to his probation officer that he was at a bar the night before February 18, 2014, and consumed alcohol at the bar. Finally, the State alleged that Croan violated his probation by only making payments totaling $125 toward court costs and restitution.

The district court held an evidentiary hearing on the State's motion to revoke probation on June 17, 2014. Officer Shawn Fernandez of the Overland Park Police Department and Jason Vernon, Croan's probation officer, testified at the hearing. After hearing the evidence, the district court found that Croan violated the conditions of his probation on all three grounds as alleged by the State.

Croan argued that his probation should be reinstated because he had successfully completed his therapy program, he had no other violations of probation, he had worked two jobs while on probation, he was living at the Oxford House and receiving treatment, and he had completed probation successfully in another case except for payment of court costs and fees. The State opposed Croan's motion to reinstate probation. Croan's probation officer recommended that Croan's probation be reinstated for 12 months with the conditions that he spend 6 weekends in the Johnson County jail and he reside at the Oxford House for 6 months.

2

The district court denied the motion to reinstate probation. The district court cited the fact that Croan had a criminal history score of "B," his probation had been revoked and reinstated previously in another case, and he was granted probation in this case only because the court found substantial and compelling reasons to grant a departure. The district court also cited the seriousness of Croan's new DUI offense. Accordingly, the district court revoked Croan's probation in both cases and ordered him to serve his underlying prison sentences. Croan timely appealed the district court's judgment and the appeals have been consolidated.

On appeal, Croan claims that the district court erred when it revoked his probation and imposed the underlying prison sentences. Croan does not argue that the district court erred in finding that he violated his probation. However, Croan argues that the district court should have reinstated his probation because he was working two jobs, he was doing well at the Oxford House, and his probation officer had recommended reinstatement of the probation. The State argues that the district court did not abuse its discretion when it denied Croan's motion to reinstate probation.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

3

Croan violated his probation on numerous grounds, including the commission of a new DUI. As Croan acknowledges, the district court may revoke probation and order the defendant to serve the underlying sentence imposed, without imposing an intermediate sanction, if the offender commits a new felony or misdemeanor. See K.S.A. 2014 Supp. 22-3716(c)(8).

Croan had a criminal history score of "B," and his sentence was a presumptive prison sentence. During the sentencing hearing, Croan's attorney and the State made it clear that they had agreed to request a dispositional departure to provide Croan one last chance to avoid prison. Croan violated his probation by committing the offense of DUI, being in a bar, possessing and consuming alcohol, and failing to pay court costs and restitution. Croan lost his chance to avoid prison when he violated these conditions of his probation. Even though Croan's probation officer recommended that the probation be reinstated, the district court's decision to revoke Croan's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Croan's probation and ordering him to serve his underlying prison sentences.

Affirmed.