No. 93,089

STATE OF KANSAS, APPELLEE, v. LORENZO C. GARY, *Appellant.*

144 P.3d 634

Opinion filed October 27, 2006.

*Carl Folsom*, of Kansas Appellate Defender Office, argued the cause, and *Michelle Davis*, of the same office, was on the brief for appellant.

*Boyd K. Isherwood*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

Davis, J.: This case comes before us on the State's petition for review. The question presented for decision is whether a district court after granting a defendant probation on the crimes charged may thereafter revoke that probation based upon a crime committed by the same defendant 3 days prior to his grant of probation. We agree with the Court of Appeals' negative response and affirm its decision reversing the district court's revocation of probation in *State v. Gary*, 34 Kan. App. 2d 599, 601, 121 P.3d 1000 (2005).

On April 21, 2004, Lorenzo C. Gary entered into a plea agreement and pled guilty to two counts of forgery based on conduct which occurred in July 2003. The district court accepted Gary's guilty plea, pronounced him guilty of two counts of forgery, severity level 8 nonperson felonies, and ordered a presentence investigation. The presentence investigation report listed Gary as having a criminal history rating of G, based on a prior forgery adjudication as a juvenile. The report recommended a presumption of probation based on the sentencing guidelines.

On May 25, 2004, the district court sentenced Gary to 11 months in prison but granted him probation for 18 months, with 30 days' jail time. Within a month, on June 30, 2004, the district court issued an arrest warrant for Gary, stating that he had violated a condition of his probation. In particular, the warrant stated that Gary was in violation of his probation, based on the fact that he had been charged on June 15 with attempted robbery. The conduct that formed the basis for the new charge had taken place on May 22, 2004—3 days before the sentencing hearing where probation was granted.

The defendant filed a motion to dismiss the probation violation on the grounds that the basis for revocation of his probation occurred 3 days before the date he was granted probation on May 25, 2004, and was therefore outside the probationary period. At the revocation hearing on August 18, 2004, the defendant's counsel stipulated for purposes of the hearing that the defendant committed an attempted robbery on May 22, 2004. He argued that "because the crime alleged to have happened didn't happen during

his period of probation, . . . the court lack[ed] jurisdiction to hear a probation violation hearing as to that offense."

The prosecutor acknowledged that "technically, he [Gary] was not on probation at the time of the commission of that offense," but instead argued that "he was on felony bond." The prosecutor further argued notwithstanding the jurisdictional question that "it does seem to . . . defy common sense that this court must ignore what he did 24 hours [*sic*] prior to appearing before your Honor and being sentenced."

The district court revoked Gary's probation and reimposed his original sentence of 11 months' imprisonment.

*The Court of Appeals*

The Court of Appeals reversed the district court's revocation of probation in *Gary*, 34 Kan. App. 2d at 601, concluding that K.S.A. 2005 Supp. 22-3716 does not authorize warrants to be issued for conduct occurring prior to the grant of probation. The court further reasoned that the statute's plain language provides that revocation can only occur when there has been a violation of the terms of probation and "there were simply no terms in place when Gary allegedly committed the attempted robbery." 34 Kan. App. 2d at 601. We agree.

*State's Arguments*

The State argues before this court that a revocation of probation for a crime committed by a defendant 3 days before being granted probation is neither arbitrary nor fanciful, but eminently reasonable and therefore constitutes an exercise of sound discretion by the district court. Since our scope of review on appeal from a probation revocation decision is abuse of discretion, *State v. Moon*, 15 Kan. App. 2d 4, 10-11, 801 P.2d 59 (1990), *rev. denied* 248 Kan. 998 (1991), *overruled on other grounds State v. Sutherland*, 248 Kan. 96, 804 P.2d 971 (1991), and since, according to the State's argument, no reasonable person would disagree with the district court's decision to revoke, the State contends that there was no abuse of discretion and we should affirm the district court.

In the alternative, the State advances a new argument, one that was briefly mentioned but not argued before the Court of Appeals: Lorenzo Gary's concealment of his new crime at the time he was granted probation amounts to misrepresentation and fraudulent concealment, providing the district court grounds for revocation of his probation.

*Standard of Review*

We are not dealing in this case with the question of whether a proven violation of a condition of probation supports the revocation of probation. If that were the case, we would apply the abuse of discretion standard advanced by the State. What we have here is a question of whether a violation of the law, not a condition of probation, may nevertheless support the revocation of probation or provide a district court with jurisdiction to consider revocation.

The answer to this case lies in the interpretation of K.S.A. 2005 Supp. 22-3716 and K.S.A. 2005 Supp. 21-4610, relating to probation. "Interpretation of a statute is a question of law, and the appellate court's review is unlimited." *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003) (citing *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 [2000]). This court recently explained that "even abuse of discretion standards can sometimes more accurately be characterized as questions of law requiring de novo review." *State v. White*, 279 Kan. 326, 332, 109 P.3d 1199 (2005). We quoted the United States Supreme Court in *Koon v. United States*, 518 U.S. 81, 100, 135 L. Ed. 2d 392, 116 S. Ct. 2035 (1996), which stated:

" 'Little turns, however, on whether we label review of this particular question abuse of discretion or de novo, for an abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction. A district court by definition abuses its discretion when it makes an error of law. .,. . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.' " 279 Kan. at 332.

The question on appeal is thus a question of law dependent upon the laws of this state. Contrary to the State's position that we must evaluate the action of the district court on the basis of whether revocation was reasonable, we are required to determine whether

as a matter of law the act of revocation by the district court was legally permissible under Kansas law. Our standard of review is therefore unlimited.

*Analysis*

Probation from serving a sentence under Kansas law is generally considered "an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right." *State v. Lumley,* 267 Kan. 4, 8, 977 P.2d 914 (1999) (citing *State v. Yura,* 250 Kan. 198, Syl. ¶ 2, 825 P.2d 523 [1992]). As the *Lumley* court explained:

"The procedure to be followed when a judge acts upon a defendant's violation of a condition of probation is set out in K.S.A. 22-3716. [Citation omitted.] Implicit in our statutory provisions for probation is the understanding that unless required by law the court need not grant probation, but if it does so, the probationer is entitled to retain his or her liberty as long as he or she abides by the conditions on which probation is granted." 267 Kan. at 8 (citing *Swope v. Musser,* 223 Kan. 133, Syl. ¶ 1, 573 P.2d 587 [1977]).

Kansas law on probation revocations, contained in K.S.A. 2005 Supp. 22-3716(a), is clear and provides in relevant part that "[a]t any time during probation . . . the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment, a notice to appear to answer to a charge of violation or a violation of the defendant's nonprison sanction." K.S.A. 2005 Supp. 22-3716(b) continues: "Except as otherwise provided, if the violation is established, the court may continue or revoke the probation . . . and may require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

The standard conditions for probation are set forth in K.S.A. 2005 Supp. 21-4610. Subsection (a) of the statute states that "the court shall condition any order granting probation . . . on the defendant's obedience of the laws of the United States, the state of Kansas and any other jurisdiction to the laws of which the defendant may be subject." K.S.A. 2005 Supp. 21-4610(a). In addition to the conditions imposed as part of every grant of probation (see

K.S.A. 2005 Supp. 21-4610[a] and [d]), the district court may "impose or modify any general or specific conditions of probation." K.S.A. 2005 Supp. 21-4610(a).

The Court of Appeals correctly interpreted the provisions of K.S.A. 2005 Supp. 22-3716(a). Revocation can only occur if there is a violation of terms of probation. "Kansas courts have consistently refused to depart from the plain language of that statute when addressing other issues presented under it." *Gary*, 34 Kan. App. 2d at 601.

This court articulated the general rule regarding the circumstances under which probation may be revoked in *Swope v. Musser*, 223 Kan. at 136-37. There, the court reasoned:

"Implicit in our statutory provisions for probation is the understanding that the court need not grant probation, but if it does so, the probationer is entitled to retain his liberty as long as he abides by the conditions on which probation is granted. *A probationer may not have his probation revoked unless it is made to appear that he has failed to comply with the terms and conditions of his probation.*" (Emphasis added.) 223 Kan. at 137.

K.S.A. 2005 Supp. 21-4610(a) describes general conditions of probation or suspended sentences: "[T]he court shall condition any order granting probation . . . on the defendant's obedience of the laws of the United States, the state of Kansas and any other jurisdiction to the laws of which the defendant may be subject." This condition, along with all other standard probationary conditions listed in the act, use the present imperative tense; there is no indication from the language that the authorized conditions may also be contingent upon behavior prior to sentencing. See K.S.A. 2005 Supp. 21-4610.

The silence of the statute in this regard is not surprising because, as the Court of Appeals explained below, "there were simply no [probation] terms in place when Gary allegedly committed the attempted robbery." 34 Kan. App. 2d at 601. To hold that probation conditions retroactively encompass conduct prior to sentencing would be to give the probationary terms an ex post facto effect. An ex post facto law, which "appl[ies] to events that occurred before its enactment" and "alter[s] the definition of criminal conduct or increase[s] the penalty for criminal conduct [citation omitted]," is

generally prohibited by the United States Constitution. *City of Norton v. Hurt*, 275 Kan. 521, 522, 66 P.3d 870 (2003); see U.S. Const. art. 1, § 10, cl. 1.

While this issue is resolved by Kansas law, appellate courts of other jurisdictions have come to similar conclusions that criminal conduct which occurs prior to sentencing cannot be the basis for revoking probation. See *Hinton v. State*, 462 So. 2d 583, 585 (Fla. Dist. App. 1985) (holding that "because appellant violated a condition of the plea bargain, which was overlooked at the sentencing hearing, before the probation was entered, he did not violate probation"); *Demchak v. State*, 351 So. 2d 1053, 1054 (Fla. Dist. App. 1977) (explaining that "[i]mproper conduct occurring prior to entry of the probation order cannot be the basis for revocation even though the conviction resulting from such conduct occurs while the defendant is on probation"); *Patuxent v. Hancock*, 329 Md. 556, 576, 620 A.2d 917 (1993) (stating that "[r]evocation of probation . . . must be based on conduct occurring subsequent to the grant of probation, but prior to its expiration"); *Smith v. State*, 742 So. 2d 1146, 1148 (Miss. 1999) (holding that the defendant "could not have his probation and suspended sentence revoked for violation of a condition which did not exist, and specifically for something he had already done at the time probation and suspended sentence were handed down"); *State v. Ballensky*, 586 N.W.2d 163, 165 (N.D. 1998) (finding that "[c]onstruing the terms of Ballensky's probation to include conduct committed prior to the sentence of probation would undermine one of the primary purposes of probation"); *Bell v. State*, 656 S.W.2d 502, 504 (Tex. App. 1982) (reaffirming Texas precedent that "probation cannot be revoked upon the basis of an offense committed prior to appellant's being placed on probation"); *Bryce v. Com.*, 414 S.E.2d 417, 418 (Va. App. 1992) (stating that "[g]enerally, where the suspension is conditioned upon future good conduct, the revocation of the suspension must be predicated upon a showing of conduct which occurs subsequent to the imposition of the suspended sentence").

The State relies heavily on the Alabama Supreme Court's decision in *Wray v. State*, 472 So. 2d 1119 (Ala. 1985), for its contention that Gary's criminal conduct prior to the grant of probation should

be considered a probation violation. In *Wray*, the defendant pled guilty to a burglary charge; at the sentencing hearing, the court suspended his 5-year sentence and granted him 3 years' probation. A few days after the sentencing hearing, the defendant confessed to committing two other burglaries the night before sentencing. At the prosecution's request, the trial court conducted a hearing, vacated its original order granting probation, and reimposed the defendant's original sentence. The Alabama Court of Criminal Appeals then overturned the trial court's revocation of probation, finding that it amounted to a resentencing in violation of the Double Jeopardy Clause of the United States Constitution.

The Alabama Supreme Court reversed the intermediate appellate court's decision. *Wray*, 472 So. 2d at 1120. The court found that the trial court was acting without knowledge of the two recent burglaries when it sentenced Wray; the court's grant of probation was therefore "based upon an incomplete set of facts." 472 So. 2d at 1121. The court therefore held that "[i]n order for the court to be able to fully utilize its power concerning probation, it must be able to reconsider its original grant . . . ." 472 So. 2d at 1121.

The *Wray* case is very similar to the facts in our case. However, the issue in *Wray* was whether revocation of probation amounted to a resentencing in violation of the Double Jeopardy Clause of the United States Constitution. In our case, the issue is whether a crime committed by a defendant before the grant of probation may become the basis for revocation after probation is granted. K.S.A. 2005 Supp. 22-3716 provided the basis for the Court of Appeals' decision that there were simply no probation conditions in existence 3 days prior to the grant of probation. *Gary*, 34 Kan. App. 2d at 601.

We also note that our consideration of the State's alternative, new argument raises serious concerns with the *Wray* decision. Suffice it to say that we reject the holding in *Wray*.

In its argument before the district court, counsel for the State, referring to the fact that the conduct in question occurred prior to sentencing, admitted that he knew such timing posed "an issue with jurisdiction." Nevertheless, the State argued that it "seem[ed] to defy common sense" to prevent the revocation. It may be true

that, as the Court of Appeals acknowledged, the "undesirable" consequence of restricting probation conditions to the time of sentencing is that it appears to reward defendants for committing crimes prior to sentencing. See *Gary*, 34 Kan. App. 2d at 601. However, such a statement assumes that defendants who have not yet been granted probation are aware of the terms of probation and their consequences prior to the sentencing hearing; such an argument seems to overstate defendants' knowledge of the law. Perhaps more importantly, the State's argument fails to recognize that Gary's conduct prior to sentencing still carries consequences due to its timing: The statutory sentencing scheme provides that Gary's attempted robbery sentence will carry a mandatory prison sanction due to the fact that it was committed while he was on felony bond. See K.S.A. 2005 Supp. 21-4603d(f).

Furthermore, because this issue is jurisdictional in that it goes to the power of the district court to revoke probation, the argument that a particular result seems to defy common sense is not persuasive. As the Court of Appeals explained below, "the undesirability of a result does not allow us to craft language onto a statute that is not already there." 34 Kan. App. 2d at 602. Thus, any discontent relating to the district court's jurisdiction in this matter should be brought before the legislature, not the courts. *Gary*, 34 Kan. App. 2d at 602; see *Williamson*, 275 Kan. at 305-06.

As the North Dakota Supreme Court explained in *Ballensky*, "[r]evoking probation for conduct committed prior to the sentence to probation does not serve the rehabilitative purpose of probation and is contrary to law." 586 N.W.2d at 167. This view is not only consistent with the majority of jurisdictions that have considered the issue, but more importantly, it is mandated by the language of K.S.A. 2005 Supp. 21-4610 and K.S.A. 2005 Supp. 22-3716. Lorenzo Gary's conduct prior to sentencing did not constitute a violation of the terms of his probation and therefore cannot be the basis for revoking that probation under Kansas law.

*State's Alternative Argument: Misrepresentation or Fraudulent Concealment*

Preliminary to our consideration of the State's second argument,

we note that the general rule is that issues not raised before the district court cannot be raised on appeal. *State v. Rojas*, 280 Kan. 931, Syl. ¶ 1, 127 P.3d 247 (2006). We may choose however to hear a new legal theory asserted for the first time on appeal if (1) "[t]he newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case"; (2) "consideration of the theory is necessary to serve the ends of justice or prevent denial of fundamental rights"; or (3) "the judgment of the district court may be upheld despite its reliance on the wrong ground for its decision." *State v. Schroeder*, 279 Kan. 104, 116, 105 P.3d 1237 (2005). We elect to address the State's alternative argument because it involves a question of law arising on proved or admitted facts and its resolution will be helpful in the administration of justice in this state.

In *Swope v. Musser*, 223 Kan. at 134, this court considered "whether a sentencing judge after granting probation and releasing a defendant from custody may revoke the order without evidence of a violation of the terms of that order of probation." While the *Swope* court stated that probation may not be revoked without evidence of a violation of probation conditions, the court mentioned an exception to this rule:

"[W]hen misrepresentations have been made to the court by or on behalf of a defendant at the time of granting probation which misrepresentations were a basis for granting probation in the first place, the prior misrepresentations may be grounds for revocation. [Citation omitted.] It has also been held that probation may be revoked for fraudulent concealment of facts and circumstances existing at the time of the hearing at which probation is granted. [Citation omitted.]" 223 Kan. at 136.

Despite the fact that the Kansas Court of Appeals has explained that the "misrepresentation" or "'fraudulent concealment' " exception outlined in *Swope* is "widely accepted," *Andrews v. State*, 11 Kan. App. 2d 322, 323, 720 P.2d 227 (1986), it has been given sparse treatment by Kansas courts. In fact, this court has not formally interpreted how this exception should be applied since the *Swope* court announced the exception in 1977. The Court of Appeals' treatment has been only marginally greater, with two pub-

lished opinions pertaining to misrepresentations announced during the same period.

The State refers to the misrepresentation and fraudulent concealment language as the *Dunham* exception, in reference to this court's decision in *State v. Dunham*, 213 Kan. 469, 517 P.2d 150 (1972). While the State does not discuss the *Dunham* decision itself, a discussion of relevant facts of *Dunham* and its reasoning is instructive.

*Misrepresentations as a Basis for Revocation*

*Dunham* predated *Swope* by 5 years and involved circumstances under which a district court may revoke probation. Of relevance to the instant case, the *Dunham* court found the defendant there to be in violation of his probation because, among other reasons, "[t]here [was] evidence that defendant misled the court as to the state of his health." 213 Kan. at 478. During sentencing, Dunham informed the court that he had tuberculosis and had to return to the hospital when the hearing was over for continued treatment. Dunham was granted probation. Thereafter, the court learned that Dunham had been completely released from the hospital 2 days before he was granted probation. As the district court explained at the probation violation hearing,

" 'when this man appeared before this Court on October 8, it was on the representation that he was tubercular and needed hospitalization and also psychiatric care. But the Court was primarily concerned about the tubercular condition, and then it turned out that in actuality that he had been released from the hospital for that condition two days before he appeared here, and the Court quite frankly thought that it had been taken advantage of.' " 213 Kan. at 478.

On appeal, this court reasoned that the defendant's affirmative misrepresentation to the district court at sentencing, and the district court's reliance on that misrepresentation in granting probation, provided a basis for the revocation of probation. This finding, coupled with the *Dunham* court's recognition that the defendant had also violated the conditions of probation (which included hospitalization and having regular meetings with the probation officer) supported the district court's revocation of that probation under

the then-current version of K.S.A. 2005 Supp. 22-3716. 213 Kan. at 479.

Unlike this case where defendant made no representation at sentencing, *Dunham* involved a defendant who made an affirmative misrepresentation to the sentencing judge, who in turn relied on the misrepresentation in granting probation. Kansas case law concerning the misrepresentation exception outlined in *Swope* has been limited to instances where *affirmative misrepresentations* have been made to the court upon sentencing and the court has *relied* on those misrepresentations in granting probation to a defendant.

In *Andrews*, the Court of Appeals likewise considered whether a district court may revoke a defendant's probation if it relied on the defendant's misrepresentation when it initially granted the probation. There, the defendant pled nolo contendere to a charge of felony theft; the court found him guilty and sentenced him to a period of imprisonment. However, when the defendant represented to the court that "he had never been in trouble before," the court granted the defendant's motion for probation. 11 Kan. App. 2d at 322. After the defendant was released on probation, the district court learned that he had a number of other prior felony convictions in other jurisdictions. The district court revoked the defendant's probation after learning of these convictions "on the grounds that he had lied to both the court and his counsel." 11 Kan. App. 2d at 323.

The Court of Appeals affirmed the district court's revocation of the defendant's probation. It explained that "[t]he record reveals that the misrepresentations [regarding the defendant's criminal history] were made by the [defendant] at the time probation was granted and that the sentencing court relied upon those misrepresentations in granting probation." 11 Kan. App. 2d at 324. Citing the misrepresentation or fraudulent concealment language from *Swope*, the appellate court found that "when a defendant is granted probation in reliance upon misrepresentations made to the court by or on behalf of the defendant, the probation may be summarily revoked without evidence that the terms or conditions of probation have been violated." 11 Kan. App. 2d at 323. Thus, the court held

that it was within the district court's discretion to revoke the defendant's probation based on his misrepresentations to the court. 11 Kan. App. 2d at 324.

In its brief, the State cites *Lumley v. State*, 267 Kan. 4, 977 P.2d 914 (1999), as the most recent opportunity for the Kansas courts to consider the misrepresentation and fraudulent concealment exception. In that case, Lumley pled guilty to three counts of aggravated indecent liberties and one count of criminal sodomy. At the sentencing hearing, Lumley requested that the court grant a dispositional departure of probation based on his continued participation in a community-based sexual offender treatment program. The program included, among other components, a requirement that Lumley submit to periodic polygraph examinations. The judge granted his request and placed him on 60 months' probation, specifically conditioning the probation on Lumley's submission to the polygraph tests and prohibiting him from having any contact with children under 16.

Approximately 6 months later, the court issued an arrest warrant for Lumley because he had given an untruthful answer to a polygraph examiner's question regarding his contact with minors. The court revoked Lumley's probation based on the fact that Lumley's untruthful answer to polygraph testing was a violation of the conditions of his probation and " 'a fraud on the court.' " 267 Kan. at 6.

The district court's revocation of probation was affirmed by the Court of Appeals in *State v. Lumley*, 25 Kan. App. 2d 366, 963 P.2d 1238 (1998), *aff'd* 267 Kan. 4, 977 P.2d 914 (1999). While the appellate court cited the language in *Swope* relating to misrepresentations and fraudulent concealment, the court did not state whether Lumley's behavior qualified as either of these. 25 Kan. App. 2d at 369. Instead, the court explained that "Lumley did not object to or qualify the polygraph requirement at sentencing. Rather, he accepted the benefit from it until it appeared it might cause him a problem." 25 Kan. App. 2d at 370. Because Lumley did not produce evidence that the district court abused its discretion, the appellate court affirmed the revocation. 25 Kan. App. 2d at 371.

On appeal before this court, Lumley argued that allowing the revocation of his probation based on his polygraph responses would violate his Fifth Amendment right against self-incrimination. Interestingly, while the Court of Appeals recited the *Swope* language in its analysis (though it did not explain whether the exception applied), this court made no reference to Lumley's objections to the polygraph testing as being either a misrepresentation or fraudulent concealment. Instead, we considered that the district court granted Lumley's probation in reliance on the fact that Lumley would participate in the community-based sexual offender treatment program, which included his submission to polygraph examinations. We concluded that it was "implicit" in Lumley's agreement to participate in the treatment program that the results of the polygraph tests would be available to the court to determine whether he was complying with the conditions of his probation. 267 Kan. at 8-9. Thus, the question was whether use of the polygraph testing was a valid condition on probation—not whether it constituted a misrepresentation or fraudulent concealment.

As the above discussion makes clear, there has been little treatment by Kansas courts as to what constitutes a misrepresentation or fraudulent concealment which may support probation revocation. However, while not determinative, the case law of other jurisdictions sheds some light on this issue.

*Trueblood Longknife v. United States*, 381 F.2d 17 (9th Cir. 1967), *cert. denied* 390 U.S. 926 (1968), presented the first case in which a federal court considered whether probation could be revoked for a reason other than a violation of probation conditions. In that case, the defendant pled nolo contendere to charges that he made false statements during a bankruptcy proceeding, and the court placed him on probation. Two months thereafter, the trial court revoked that probation, based on the fact that defendant had not disclosed that he had undergone previous bankruptcy proceedings under a different name.

On appeal, the Court of Appeals for the Ninth Circuit upheld the trial court's revocation, explaining that the revocation of probation is a matter within the discretion of the court, and that "'an exceptional degree of flexibility in administration is essential' " for

trial courts to exercise this discretion. 381 F.2d at 19. In addition, the court rejected the defendant's argument that probation could be revoked only for violations of probation conditions. The court stated that "the only limit placed upon the exercise of the judge's discretion [in granting or revoking probation] is that he must be satisfied that his action will subserve the ends of justice and the best interests of both the public and the defendant." 381 F.2d at 20. Because the trial judge made it clear that had he known about the prior bankruptcy proceeding he would not have granted the defendant's probation, the appellate court affirmed its revocation due to the defendant's "efforts to knowingly and fraudulently conceal these facts from the court and the probation officer." 381 F.2d at 20.

In *United States v. Ecton*, 454 F.2d 464 (9th Cir. 1972), the Ninth Circuit again held that a defendant's fraudulent concealment of information relevant to the grant of probation may be grounds for its revocation. *Ecton* involved a defendant who pled guilty to conspiracy to rob a federal bank. Before sentencing, the officer conducting the presentence investigation asked the defendant whether he had been involved in another bank robbery which was under investigation. The defendant denied any connection with the other robbery, and this conversation was noted in the presentence investigation report. At the time of the sentencing hearing, counsel for the defendant commented on the report and implied that the evidence tying the defendant to the other crime was "inconclusive." 454 F.2d at 466. The court therefore placed the defendant on probation. Later, when the court learned that the two defendants in the other robbery case had testified against Ecton, it revoked his probation.

The Ninth Circuit affirmed the trial court's revocation, stating that

"in view of the statements made by appellant's attorney during the sentencing hearing, which seemed to indicate that the other crime reference in the presentence report was based on inconclusive identification evidence rather than upon the statements of other participants in the robbery, that the court was justified in crediting appellant's denial of the other charge and that the record does support

its finding that appellant's denials of participation in the other offense were false, and that the court was deceived by them." 454 F.2d at 466.

Citing *Trueblood Longknife*, the appellate court held that the trial court was justified in revoking Ecton's probation due to his attorney's statements at sentencing. 454 F.2d at 466.

Finally, *United States v. Torrez-Flores*, 624 F.2d 776 (7th Cir. 1980)—in a factual scenario analogous to *Andrews*—presented the question of whether probation may be revoked when it was granted pursuant to a misrepresentation that a defendant had no previous criminal record. In that case, the defendant pled guilty to the transportation of illegal aliens. At the sentencing hearing, the court agreed to waive the presentence investigation report because the defendant stated that he had no previous criminal record. The Seventh Circuit Court of Appeals described the exchange between the defendant and the judge at the sentencing hearing as follows:

"Next the trial judge turned to the matter of a pre-sentence investigation which had not been ordered before that time. He questioned defendant about his background, and then asked whether defendant had any prior criminal record. Defendant replied in the negative. The judge asked defendant if he understood that if it was learned that he did have some prior criminal record his probation could be revoked. Defendant replied that he understood. The judge then asked defendant if he was telling the truth when he said that he had no record, and defendant said that he was."

The trial court later revoked its grant of probation when it learned that the defendant had been convicted of at least two other crimes under different aliases. 624 F.2d at 780.

The Seventh Circuit upheld the trial court's revocation on appeal. The defendant contended that the revocation should be reversed because "the veracity of his representation was not made a condition of his probation"—specifically, because the trial judge did not explicitly state that the truthfulness of his answers was a term of his probation. The appellate court dismissed this argument, stating that on the basis of the defendant's misrepresentations, the judge agreed to grant probation without a presentence investigation report. In addition, the judge explicitly stated that the defendant's probation could be revoked if he did not answer the questions regarding his criminal record truthfully. Because "[i]t would have

been within the court's discretion to deny probation at the outset on the basis of either or both the prior record or the misrepresentation," the court affirmed the revocation. 624 F.2d at 784; see also *Wray*, 472 So. 2d at 1122 (stating that the "decision [to grant or revoke probation] must be left up to the trial court, and it must be made based on a knowledge of the complete facts and circumstances").

It is clear from the above decisions that in Kansas where a defendant (or defendant's counsel) makes an affirmative misrepresentation to the district court during sentencing, which misrepresentation is relied upon by the district court in granting probation, the defendant's probation after notice and hearing may be revoked based upon such misrepresentations. *Swope*, 223 Kan. at 136; *Dunham*, 213 Kan. at 479; *Andrews*, 11 Kan. App. 2d at 323; see *Torrez-Flores*, 624 F.2d at 782.

No prior Kansas case has dealt directly with "fraudulent concealment" as a basis for probation revocation, and other courts have been less clear on the subject. However, Kansas does acknowledge a defendant's Fifth Amendment privilege against self-incrimination at the time of his or her sentencing. In *Lumley*, this court explained:

"[The United State Supreme Court's decision in] *Murphy* makes it clear that *the State cannot make waiver of the privilege against self-incrimination regarding a separate crime a condition of probation. See State v. Gleason*, 154 Vt. 205, 212, 576 A.2d 1246 (1990). However, a probationer may be required to answer questions concerning matters relevant to probation that pose 'no realistic threat of incrimination in a separate criminal proceeding.' " (Emphasis added.) 267 Kan. at 11 (quoting *Minnesota v. Murphy*, 465 U.S. 420, 435 n.7, 79 L. Ed. 2d 409, 104 S. Ct. 1136, *reh. denied* 466 U.S. 945 [1984]).

This court found that this caveat did not apply to Lumley, who objected to the revocation of his probation due to his failure to truthfully respond to the polygraph test. 267 Kan. at 12. As this court explained:

"In this case, there was no violation of Lumley's Fifth Amendment protections against self-incrimination. The polygraph question and answer which led to Lumley's revocation referred solely to Lumley's condition of probation that he not be alone with children during the term of his probation. Answering the question

truthfully would not have exposed Lumley to prosecution for another crime." 267 Kan. at 12.

Thus, this court found in *Lumley* that the polygraph testing was a valid condition of probation and affirmed the district court's revocation of probation. 267 Kan. at 14.

The instant case involving the district court's revocation of Gary's probation is factually distinguishable from any of the cases discussed above. Most notably, at no time during the sentencing hearing did the district court question Gary regarding other crimes that may have been committed during the interim between when the presentence investigation report was filed and the hearing. While the defendant made a number of statements at the hearing, at no time did he ever make misleading or false statements regarding his previous attempted robbery.

If it may be concluded that the defendant had an affirmative obligation to inform the district court at sentencing of his attempted robbery, then his concealment of that fact was fraudulent, providing a basis for revocation. However, as indicated above, both this court and the United States Supreme Court have held that a "State cannot make waiver of the privilege against self-incrimination regarding a separate crime a condition of probation." *Lumley*, 267 Kan. at 11; see *Murphy*, 465 U.S. at 435 n.7.

The State argues in its petition for review to this court that "[t]he question isn't whether defendant should have been forced to incriminate himself; the question is why should the district court be helpless to act upon the concealment once it is discovered . . . ." This argument is circular in nature. If the district court, when it discovered the conduct, could revoke Gary's probation based on his concealing conduct that occurred prior to sentencing, the result would be an implied obligation of defendant to incriminate himself at sentencing—a condition which this court has declared invalid.

Finally, it appears from the State's petition for review that it would read the fraudulent concealment language of *Swope* broadly, to encompass *any* concealment of information from the district court at the time of sentencing. To hold that any concealment of information from the district court could give rise to the

later revocation of probation would be to render the "fraudulent" language meaningless. Contrary to the State's implied assertions, the language of *Swope* and the other relevant cases state that only a *fraudulent* concealment may be the basis for revoking probation.

The State has offered no explanation for why Gary's failure to discuss his prior criminal conduct was fraudulent, other than that it was a concealment in general. There simply is no basis in the record to conclude that defendant's silence regarding his prior conduct constituted a fraud on the court. The two fraudulent concealment cases discussed above involved misrepresentations by the defendant to the court regarding the information concealed. See *Ecton*, 454 F.2d at 466 (where counsel for the defendant, who did not inform the court that he was guilty of another robbery, also led the sentencing court to believe that the other robbery investigation was based on inconclusive testimony); *Trueblood Longknife*, 381 F.2d at 20 (where the defendant, who concealed the fact that he had been involved in prior bankruptcy proceedings under a different name, also informed the bankruptcy court that he had not undergone bankruptcy proceedings under any other alias). No such misrepresentation was made here.

We hold that defendant did not have an independent, affirmative obligation to incriminate himself at sentencing by revealing his commission of the crime of attempted robbery 3 days prior to sentencing. The district court's revocation of his probation based upon what may be concealment by the defendant provided no basis for the revocation of his probation and amounted to an exercise of power beyond its jurisdiction. Accordingly, the decision of the Court of Appeals reversing the district court's revocation of probation is affirmed and the district court is reversed. The case is remanded for action consistent with this opinion.

Affirmed.