NOT DESIGNATED FOR PUBLICATION

No. 113,459

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEREK ZACHARIHUS PRICE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed November 6, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and SCHROEDER, JJ.


*Per Curiam*:  Derek Zacharihus Price appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Price's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State filed a response and requested that the district court's judgment be affirmed.

On July 18, 2013, Price pled no contest to attempted felony theft. On October 8, 2013, the district court sentenced Price to 10 months' imprisonment but granted probation with community corrections for 12 months. Price did not appeal his sentence.

1

On May 7, 2014, the State filed a motion alleging that Price violated his probation by: (1) failing to report to his probation officer as required; (2) failing to remain law-abiding as evidenced by a new criminal case; (3) failing to remain drug free; and (4) failing to attend a "Think for Change" class. At a hearing on November 20, 2014, Price stipulated to the probation violations, including the commission of new crimes. The district court revoked Price's probation and ordered him to serve his underlying prison sentence. Price timely appealed.

On appeal, Price claims the district court erred in revoking his probation and ordering him to serve his underlying prison sentence. Price acknowledges that the decision to revoke his probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2014 Supp. 22-3716(c)(8) provides that if the defendant commits a new felony or misdemeanor while on probation, the district court may revoke probation without having previously imposed an intermediate sanction. Because Price committed new crimes while on probation, the district court was not required to consider an intermediate sanction before revoking his probation. The district court's decision to revoke Price's probation was not arbitrary, fanciful, or unreasonable, and the decision was

2

not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Price's probation and ordering him to serve his underlying prison sentence.

Affirmed.