NOT DESIGNATED FOR PUBLICATION

Nos. 113,443
113,444

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRINA MOSHER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed November 6, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and SCHROEDER, JJ.


*Per Curiam*: Trina Louise Mosher appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence in two consolidated cases. We granted Mosher's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State filed a response and requested that the district court's judgment be affirmed.

In 13CR1423, Mosher was convicted of two counts of aggravated burglary and two counts of theft after a prior conviction. In 13CR1597, Mosher was convicted of one count of theft after a prior conviction and one count of criminal use of a financial card. On March 12, 2014, the district court imposed a controlling sentence of 130 months'

1

imprisonment but granted a dispositional departure to probation with community corrections for 36 months. Mosher did not timely appeal her sentence.

At a hearing on January 16, 2015, Mosher stipulated to violating the conditions of her probation by committing the new crime of driving with a suspended license. After hearing evidence, the district court also found that she had violated her probation by possessing drug paraphernalia. Mosher asked for reinstatement to probation so she could continue her drug treatment. However, the district court found her not amenable to probation due to the commission of a new crime and remanded her to prison to serve her original sentence. Mosher timely appealed from the probation revocation.

On appeal, Mosher claims that the district court erred in revoking her probation and ordering her to serve her underlying prison sentence. Mosher acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2014 Supp. 22-3716(c)(8) provides that if the offender commits a new felony or misdemeanor while on probation, the district court may revoke probation without having previously imposed an intermediate sanction. Because Mosher committed

2

a new crime while on probation, the district court was not required to consider an intermediate sanction before revoking her probation. In rejecting Mosher's request for reinstatement to probation, the district court stated as follows:

> "At sentencing the defendant told me she is going to do and has done what she can to try to do to make sure it doesn't happen again, and she told me she wants just one more chance. Those were her words to me, not from my notes.
>
> "The charges in this case and the crimes of conviction were significant, and she is looking at 130 months. The Court ran all the counts concurrent, and without having done so, she could have been looking at up to another 40 to 60 months on top of the 130 months. So she was looking at a significant sentence, and had significant incentive to try to not be in the position where she would violate the terms and conditions of probation. But she placed herself in those positions.
>
> "She is not eligible for the Residential program. She is not eligible for Drug Court. So the Court agrees with the State's argument that we have run through the resources that are available to Ms. Mosher.
>
> "The Court finds under the facts and circumstances of this case that the defendant is not amenable for probation.
>
> "The Court finds because this Court has found that she has committed a new felony or misdemeanor, that intermediation sanctions under 2170 are not required. And therefore, ma'am, the Court is going to direct that you go and serve your sentence.
>
> "That will be the order of the Court."

The district court's decision to revoke Mosher's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Mosher's probation and ordering her to serve her underlying prison sentence.

Affirmed.