NOT DESIGNATED FOR PUBLICATION

No. 112,595

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RHONDA M. LOWDEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed November 20, 2015. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*:  Defendant Rhonda M. Lowden appeals the decision of the Sedgwick County District Court to revoke her probation for felony theft as an abuse of discretion even though she committed an additional theft and used cocaine shortly after being placed on probation. We find no error and affirm.

In March 2014, Lowden pleaded guilty to one count of theft after a prior conviction, a level 9 nonperson felony in violation of K.S.A. 2014 Supp. 21-5801(a)(1), (b)(6). She ultimately received a sentence of 9 months in prison with 12 months of

1

postrelease supervision and was placed on probation for 12 months. Less than a month after the sentencing hearing, the district court issued a warrant for Lowden for violating the terms of her probation by: (1) committing a new felony theft on June 15, 2014; (2) testing positive for and admitting using cocaine; (3) failing to complete a drug and alcohol evaluation; (4) failing to complete a class for offenders committing thefts; and (5) failing to perform community service as directed.

At the revocation hearing in August 2014, Lowden admitted the violations and asked for reinstatement to probation because she had ongoing mental health conditions related to domestic abuse when she was younger and problems with the medication she had been taking to treat those conditions. Lowden told the district court she had secured employment and would not again violate the terms of probation because her medications had been adjusted and she was continuing in counseling. Her lawyer suggested one of the ways Lowden's mental health issues manifest themselves is a compulsion to steal, but nothing in the record supports that assertion.

The district court cited Lowden's extended criminal history of theft and forgery convictions and her commission of a theft after she had been placed on probation in this case. The new theft charge was one of four filed against Lowden after she received probation. The district court also expressed concern over Lowden's drug use. Based on the overall circumstances, the district court declined to reinstate probation and ordered Lowden to serve the underlying prison sentence. Lowden has appealed.

For her sole point on appeal, Lowden argues the district court should have reinstated her to probation. Probation from serving a sentence of incarceration is an act of unfettered leniency by the sentencing judge. Unless expressly required by law, probation is, therefore, a privilege and not a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proved a violation of the conditions of probation, the district court acts within its discretion in deciding whether to revoke that privilege. *State v.*

2

*Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). In turn, a district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

The record on appeal shows that the district court understood the factual circumstances pertaining to Lowden. Lowden doesn't argue the district court stepped outside the governing legal principles. Rather, she contends the decision to revoke her probation was so unreasonable that no other district court would have come to the same conclusion on comparable facts. We cannot agree with that proposition. On appeal, Lowden points out this was her first probation violation in this case. But the violation consisted of multiple failures to comply with the conditions of probation. Given Lowden's criminal history and, in particular, her commission of additional crimes within weeks after being placed on probation, we safely conclude other judges would have revoked probation notwithstanding Lowden's mental health issues and her personal request for another chance to stay out of prison.

Affirmed.

3