NOT DESIGNATED FOR PUBLICATION

No. 114,047

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JULIE SNYDER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed February 26, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., SCHROEDER, J., and BURGESS, S.J.


*Per Curiam*: Julie Snyder appeals the district court's decision to revoke her probation and impose her underlying jail sentence. We granted Snyder's motion for summary disposition under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response in which it requests that this court affirm the district court's decision. After reviewing the record and arguments, we affirm.

On July 14, 2014, Snyder pled guilty to one count of refusing to submit to a test to determine the presence of alcohol or drugs. On September 11, 2014, the district court sentenced Snyder to 12 months of postimprisonment supervision with court services after serving 28 hours in jail followed by 2,160 hours of house arrest. The district court also imposed a 12-month underlying jail sentence and a $1,750 fine.

1

On April 6, 2015, Snyder admitted to violating her probation by failing to report to her probation officer on December 19, 2014, and committing a new crime—driving while habitual violator—on February 21, 2015. Snyder's probation officer recommended that the district court revoke Snyder's probation and impose her jail sentence, but the officer was not opposed to transferring her probation to community corrections. The prosecutor recommended transferring Snyder's probation to community corrections and imposing a 2-day jail sanction. Defense counsel asked the court to follow the State's recommendations. After the district court announced that it was going to revoke Snyder's probation and order her to serve the balance of her sentence, defense counsel asked the court to consider modifying her sentence to 8 months. The district court declined and ordered her to serve her original 12-month jail sentence.

On appeal, Snyder argues that the district court erred in revoking her probation and ordering her to serve her underlying jail sentence. Snyder admits, however, that a district court has discretion to revoke probation upon a showing that a defendant violated the terms of his or her probation. Moreover, she acknowledges that K.S.A. 2015 Supp. 22-3716(c)(8) permits a district court to revoke probation without having previously imposed another sanction if the offender commits a new felony or misdemeanor while on probation.

Probation from a sentence is an act of grace by the sentencing judge, and, unless otherwise required by law, the sentencing judge grants it as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the probation conditions, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

2

We find that the district court's decision to revoke Snyder's probation was not arbitrary, fanciful, or unreasonable. It was also not based on an error of fact or law. We, therefore, affirm the district court's decision revoking Snyder's probation and imposing her original jail sentence.

Affirmed.