NOT DESIGNATED FOR PUBLICATION

No. 114,358

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARQUAL L. HEROD,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed June 3, 2016. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before MALONE, C.J., BRUNS and GARDNER, JJ.


*Per Curiam*: Marqual L. Herod appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Herod's motion for summary disposition under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response in which it requests that this court affirm the district court's decision. After reviewing the record and arguments, we affirm.


On October 5, 2012, Herod pled guilty to one count of aggravated burglary. On November 20, 2012, the district court sentenced Herod to 36 months of probation with an underlying 34-month prison sentence. The district court also ordered Herod to serve 30 days of jail time as a condition of his probation. After initially determining that restitution

1

was owed, the district court entered an order on February 12, 2013, finding that Herod did not owe restitution because none was ever requested.

On November 6, 2013, Herod admitted to violating his probation by committing the offense of driving with a suspended license on October 15, 23, and 31, 2013. On November 21, 2014, Herod's intensive supervision officer (ISO) filed a warrant alleging that Herod violated the terms and conditions of his supervision by failing to make payments on court costs and failing to report as directed on October 29, 2014, and November 5, 2014. On May 1, 2015, Herod's ISO filed another warrant alleging that Herod violated the terms and conditions of his supervision by committing the offenses of petit theft and obstruction of legal process.

On June 3, 2015, the district court held a hearing on the November 21, 2014, and May 1, 2015, warrants. Herod waived his right to an evidentiary hearing and admitted the allegations in the warrant. The district court, therefore, found that he had violated his probation and revoked it. The district court noted that Herod had already taken five quick dip sanctions. The district court ultimately found that Herod had absconded from supervision for more than 6 months, had committed a new crime, and was a danger to the community if not incarcerated. Accordingly, the district court revoked Herod's probation and ordered him to serve his original sentence. On June 10, 2015, Herod filed a notice of appeal.

On appeal, Herod contends that the district court erred in revoking his probation and ordering him to serve his underlying prison sentence. Herod admits, however, that a district court has discretion to revoke probation upon a showing that a defendant violated the terms of his or his probation.

Probation from a sentence is an act of grace by the sentencing judge, and, unless otherwise required by law, the sentencing judge grants it as a privilege, not as a matter of

2

right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the probation conditions, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

We find that the district court's decision to revoke Herod's probation was not arbitrary, fanciful, or unreasonable. It was also not based on an error of fact or law. We, therefore, affirm the district court's decision revoking Herod's probation and imposing his original prison sentence.

Affirmed.