NOT DESIGNATED FOR PUBLICATION

No. 114,370

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON S. BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before GREEN, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  Jason S. Brown appeals the district court's order revoking his probation and requiring him to serve his underlying prison sentence. We granted Brown's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

Brown pled guilty to two felonies. The court granted him probation with an underlying prison sentence. Later, the State asserted that Brown committed a new offense of domestic violence battery and otherwise violated the terms of his probation. Brown admitted these violations, and the court revoked Brown's probation and sent him to prison. Brown appealed this order. But in his docketing statement and in his motion for summary disposition, Brown does not state why he contends the district court erred.

1

Unless otherwise required by law, which is not the case here, being granted probation is not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the district court's sound discretion. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Abuse of discretion means the court's action: (1) was arbitrary, fanciful, or unreasonable; (2) was based on an error of law; or (3) was based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Brown has the duty to show an abuse of discretion. See *State v. Wells*, 289 Kan. 1219, 1226, 221 P.3d 561 (2009). We find no abuse of discretion here. Besides, even in a summary disposition case, the appellant must give us some reason for granting relief. Brown provides none.

Affirmed.