NOT DESIGNATED FOR PUBLICATION

No. 115,491

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAREN L. BARTLETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed December 9, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*: Karen L. Bartlett appeals the district court's decision revoking and reinstating her probation for 18 months, including a 60-day jail sanction. We granted Bartlett's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On February 21, 2014, Bartlett pled guilty to one count of forgery. The district court found that Bartlett had a criminal history score of B. On April 11, 2014, the district court sentenced Bartlett to 19 months' imprisonment but granted a dispositional departure to probation with community corrections for 18 months.

1

On September 2, 2015, the State filed a motion to revoke Bartlett's probation and alleged that Bartlett had committed new criminal offenses. At a hearing on November 17, 2015, the district court found that Bartlett had engaged in assaultive activity on August 27, 2015, she was convicted of battery in Hutchinson Municipal Court on August 28, 2014, and she failed to inform her intensive supervision officer of the illegal activity. The district court revoked, reinstated, and extended Bartlett's probation for 18 months and ordered her to serve a 60-day jail sanction for the violations. Bartlett timely appealed.

On appeal, Bartlett claims that the district court "abused its discretion by revoking probation." Bartlett acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court showed leniency at Bartlett's sentencing by granting her request for a dispositional departure. When Bartlett violated her probation by committing a new misdemeanor offense, the district court could have revoked her probation and ordered her to serve the original sentence without imposing any intermediate sanction. See K.S.A. 2015 Supp. 22-3716(c)(8). Instead, the district court showed additional leniency by reinstating and extending Bartlett's probation for 18 months with the

2

additional jail sanction. The district court's decision to revoke and reinstate Bartlett's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking and reinstating Bartlett's probation.

Affirmed.