NOT DESIGNATED FOR PUBLICATION

No. 115,934

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMUEL G. WARDLOW,
*Appellant*.

MEMORANDUM OPINION

Appeal from Brown District Court; JAMES A. PATTON, judge. Opinion filed December 16, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Samuel G. Wardlow appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Wardlow's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

In 08CR72, Wardlow pled no contest and was convicted of one count of aggravated assault. The district court sentenced Wardlow to 27 months' imprisonment but granted probation with community corrections for 24 months.

Wardlow subsequently stipulated to violating his probation by committing a new felony for which he was sentenced to prison in Missouri. As a result, the district court

1

revoked Wardlow's probation and ordered him to serve his underlying prison sentence. Wardlow timely appealed.

On appeal, Wardlow contends that the district court abused its discretion in revoking his probation because sanctions remained an available option in lieu of revocation. However, Wardlow acknowledges that the district court may forgo sanctions where the defendant commits a new felony while serving the term of probation.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Wardlow acknowledges, K.S.A. 2015 Supp. 22-3716(c)(8) provides that if the offender commits a new felony or misdemeanor while on probation, the district court may revoke probation without having previously imposed an intermediate sanction. Because Wardlow committed a new felony while on probation, the district court was not required to consider an intermediate sanction before revoking Wardlow's probation. The district court's decision to revoke Wardlow's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Wardlow's probation and ordering him to serve his underlying prison sentence.

2

Affirmed.