NOT DESIGNATED FOR PUBLICATION

No. 116,460

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LORI M. GAUPP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL L. KLAPPER, judge. Opinion filed June 30, 2017.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and
(h).

Before GREEN, P.J., POWELL and GARDNER, JJ.

*Per Curiam*:  Lori Gaupp appeals from a judgment of the district court revoking
her probation and requiring her to serve her underlying prison sentence. We granted
Gaupp's motion for summary disposition in lieu of briefs under Supreme Court Rule
7.041A (2017 Kan. S. Ct. R. 48). Finding no error, we affirm the district court.

On May 19, 2014, Gaupp pled guilty to one count of attempted aggravated battery
with a deadly weapon, a severity level six person felony. The district court sentenced
Gaupp to a 24-month probation term with an underlying 18-month prison sentence.
Gaupp did not appeal her original sentence.

1

On January 21, 2015, the State moved to revoke Gaupp's probation based on violations of its conditions. The State alleged six violations: (1) failure to report as directed, (2) failure to pay court costs, (3) failure to refrain from illegal drugs, (4) failure to complete urinalysis as directed, (5) failure to comply with substance abuse treatment, and (6) failure to cooperate fully with the supervising agency. The district court found sufficient evidence that Gaupp violated conditions and imposed a 3-day quick dip tier 1 sanction.

On October 26, 2015, the State alleged further violations of probation and sought a tier 2 180-day sanction for continuous noncompliance. Specifically, the State alleged that Gaupp failed three urinalyses, did not appear for two urinalyses, failed to pay off court costs, and failed to attend a mandatory meeting with the Violations Review Panel. When the district court determined that Gaupp had violated probation, it ordered a 120-day tier 2 sanction and extended Gaupp's probation by 6 months.

On May 27, 2016, the State again moved to revoke Gaupp's probation based on (1) failure to submit clean urinalyses, (2) failure to report to the Violations Review Panel, (3) failure to complete the TRACK program, (4) failure to make consistent payments towards court costs, (5) failure to address an outstanding traffic warrant, and (6) failure to report for scheduled office visits.

The district court revoked Gaupp's probation after she stipulated to the violations. It based its decision on continuous noncompliance. Gaupp filed this timely appeal.

On appeal, Gaupp argues that the district court abused its discretion in revoking her probation and ordering her to serve the underlying 18-month prison sentence. Probation from a sentence is an act of grace by the sentencing judge, and, unless otherwise required by law, the sentencing judge grants it as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a

2

violation of the probation conditions, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan, 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

Based on our review of the record, we hold that the district court's decision to revoke Gaupp's probation was not arbitrary, fanciful, or unreasonable. It was also not based on an error of fact or law. We, therefore, affirm the district court's decision revoking Gaupp's probation and ordering her to serve the underlying prison sentence.

Affirmed.