NOT DESIGNATED FOR PUBLICATION

No. 117,675

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER SHANE WREN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed November 22, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER, J., and HEBERT, S.J.

PER CURIAM: Christopher Shane Wren appeals the revocation of his probation. We granted Wren's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Because we find no abuse of discretion by the district court, we affirm.

Wren pled guilty to two felony charges in January 2016. The district court sentenced him to 103 months imprisonment but suspended his sentence and ordered him to serve 36 months of probation. Unfortunately, within a few months, Wren began violating the terms of his probation. In May 2016, he stipulated to violating the terms of his probation and received a two-day sanction in jail. In September 2016, he violated the terms of his probation again and received a 120-day sanction in prison. In March 2017,

1

Wren once again stipulated to violating the terms of his probation and the district court ordered him to serve the remainder of his underlying term.

Probation from serving a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the district court, then it cannot be said that the district court abused its discretion. *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009).

K.S.A. 2016 Supp. 22-3716(c) requires a district court to impose intermediate sanctions before remanding a probationer to serve the balance of his or her prison term in a felony case. Here, Wren stipulated to a third violation, agreeing that he used methamphetamine and failed to report to his probation officer as directed. Moreover, the district court had previously imposed a two-day and 120-day sanction prior to revoking Wren's probation. Thus, we cannot say that the district court's decision to revoke Wren's probation and impose his underlying sentence was arbitrary, fanciful, or unreasonable.

We conclude that the district court did not abuse its discretion by revoking Wren's probation and ordering him to serve his underlying sentence.

Affirmed.