NOT DESIGNATED FOR PUBLICATION

No. 113,106

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARQUEL D. DEAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed November 6, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*: Marquel D. Dean appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence in two consolidated cases. We granted Dean's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State filed a response and requested that the district court's judgment be affirmed.

In 10CR1854, Dean was convicted of one count of fleeing or attempting to elude an officer and one count of driving on a suspended license. In 10CR1855, Dean was convicted of two counts of aggravated battery and four counts of aggravated assault. On March 16, 2011, the district court imposed a controlling sentence of 58 months'

1

imprisonment but granted a dispositional departure to probation with community corrections for 24 months. Dean did not timely appeal his sentence.

At a hearing on November 3, 2014, Dean stipulated to violating his probation by committing new felony offenses. The district court revoked Dean's probation and ordered him to serve his underlying prison sentence. Dean timely appealed from the probation revocation.

On appeal, Dean claims that the district court erred in revoking his probation and ordering him to serve his underlying prison sentence. Dean acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Dean acknowledges, K.S.A. 2013 Supp. 22-3716(c)(8) provides that if the offender commits a new felony or misdemeanor while on probation, the district court may revoke probation without having previously imposed an intermediate sanction. Because Dean committed new felony offenses while on probation, the district court was not required to consider an intermediate sanction before revoking his probation. The district court's decision to revoke Dean's probation was not arbitrary, fanciful, or

2

unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Dean's probation and ordering him to serve his underlying prison sentence.

Affirmed.