NOT DESIGNATED FOR PUBLICATION

No. 113,651

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN REINWALD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed December 18, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.


*Per Curiam*: Brian Lee Reinwald appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Reinwald's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response and requested that the district court's judgment be affirmed.

On January 2, 2014, Reinwald pled no contest to one count of unlawful possession of a controlled substance. On May 20, 2014, the district court imposed a standard presumptive sentence of 20 months' imprisonment but granted a dispositional departure to probation with community corrections for 18 months.

At a hearing on February 6, 2015, Reinwald admitted to violating his probation by failing to report to drug court as required and by failing to comply with drug treatment when he left two different facilities. Reinwald asked for reinstatement to probation and indicated that he was willing to return to drug treatment. The district court revoked Reinwald's probation, declared him an absconder based on a prior finding, and ordered him to serve his underlying prison sentence. Reinwald appealed.

On appeal, Reinwald claims the "district court abused its discretion by revoking [his] probation and ordering service of the underlying prison sentence." Reinwald does not challenge the district court's absconder finding. The State argues that this court lacks jurisdiction to review Reinwald's presumptive sentence. But Reinwald is appealing his probation revocation, not his original sentence, and this court has jurisdiction to review the district court's order revoking Reinwald's probation. In the alternative, the State argues that the district court did not abuse its discretion in revoking Reinwald's probation.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court granted Reinwald a dispositional departure in order to place him on probation. Reinwald squandered his opportunity for probation by failing to report to drug court and by failing to comply with drug treatment. The district court's decision to

revoke Reinwald's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Reinwald's probation and ordering him to serve his underlying prison sentence.

Affirmed.