NOT DESIGNATED FOR PUBLICATION

No. 113,068

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK ALLEN SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed December 23, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*: Mark Allen Smith appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Smith's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On March 18, 2011, Smith pled guilty to one count each of aggravated robbery, aggravated assault, and battery. On April 8, 2011, the district court imposed a controlling sentence of 105 months' imprisonment but granted a dispositional departure to probation with community corrections for 60 months. Smith did not appeal his sentence.

1

The record reflects that the district court revoked and reinstated Smith's probation on two different occasions, each time imposing an intermediate sanction in lieu of ordering Smith to serve his underlying prison sentence. At a hearing on May 2, 2014, Smith once again admitted that he had violated the conditions of his probation. This time, the district court revoked Smith's probation and ordered him to serve a modified sentence of 52 months' imprisonment. Smith appealed.

On appeal, Smith contends that the district court "erred in revoking his probation and in imposing the underlying prison sentence." Smith acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court showed leniency by granting Smith a dispositional departure to probation. Smith violated his probation on three separate occasions and received an intermediate sanction twice. At the hearing on May 2, 2014, the district court indicated that it had "run out of interim sanctions literally." Even then, the district court showed leniency by imposing a modified sentence of 52 months' imprisonment. The district court's decision to revoke Smith's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292

2

Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Smith's probation and ordering him to serve a modified prison sentence.

Affirmed.