NOT DESIGNATED FOR PUBLICATION

No. 113,827

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON ROBERTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed December 23, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*: Aaron S. Roberts appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Roberts' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response and requested that the district court's judgment be affirmed.

On July 2, 2013, Roberts pled guilty to one count of robbery and one count of aggravated burglary. On August 14, 2013, the district court imposed a controlling sentence of 36 months' imprisonment and placed Roberts on probation with community corrections for 36 months.

1

On August 29, 2014, the district court revoked and reinstated Roberts' probation, imposing an intermediate sanction in lieu of ordering Roberts to serve his underlying prison sentence. At a hearing on January 28, 2015, Roberts stipulated to violating the conditions of his probation by absconding from a residential facility, lying to officials at the residential facility, and being fired from his job. Roberts asked for reinstatement to probation, but the district court denied the request based on public safety concerns and a finding that Roberts had absconded. The district court revoked Roberts' probation and ordered him to serve his underlying prison sentence. Roberts appealed.

On appeal, Roberts argues that the district court "abused its discretion by denying [his] motion for reinstatement to probation." Roberts does not specifically challenge the district court's findings that Roberts absconded and there was a public safety concern.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court showed leniency by placing Roberts on probation in a border-box case. The district court imposed an intermediate sanction on Roberts' first probation violation. At the second probation violation hearing, the district court found that Roberts had absconded and the safety of the public would be jeopardized if he was allowed to continue with probation. Based on these findings, the district court was not

2

required to consider additional intermediate sanctions. See K.S.A. 2014 Supp. 22-3716(c)(8), (9). The district court's decision to revoke Roberts' probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Roberts' probation and ordering him to serve his underlying prison sentence.

Affirmed.