NOT DESIGNATED FOR PUBLICATION

No. 114,558

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KALEB D. JEFFERY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: Kaleb D. Jeffery appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Jeffery's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On July 16, 2013, Jeffery pled guilty to one count of possession of marijuana after a prior conviction and one count of theft. On September 20, 2013, the district court imposed a controlling sentence of 19 months' imprisonment but granted probation with community corrections for 18 months.

1

At a hearing on December 17, 2013, Jeffery stipulated to violating his probation by failing to report to his probation officer. The district court imposed a 60-day jail sanction and reinstated Jeffery's probation for an additional 18 months.

On March 20, 2015, a probation violation warrant was filed alleging: "On March 9, and March 11, 2015, the defendant failed to report to his ISO as directed. At the time of this warrant, the defendant's current whereabouts are unknown." At a hearing on July 6, 2015, Jeffery stipulated to the probation violation and asked to be reinstated to probation. The district court refused to reinstate Jeffery to probation and made the following findings:

> "I will find based upon the second nonreporting that he was an absconder for at least two months, because the first appearance, he clocked in on May 22nd with the hearing date of July 6th, so that would have been when he appeared before Judge Kisner, or whoever assignment judge was. So he was gone for more than 60 days, it's the second time he's failed to report. I will find that he's an absconder.
> "I will also find that based upon the lengthy inpatient, intensive outpatient, and further outpatient treatment, and his continued use of drugs that he's no longer amenable to probation. That probation will not serve his interests. And he is hereby remanded to serve the balance of his original sentence which is 19 months."

On appeal, Jeffery argues that the district court "abused its discretion by refusing to reinstate [his] probation." Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

2

The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Jeffery acknowledges, K.S.A. 2015 Supp. 22-3716(c)(8) provides that if the offender absconds from supervision while on probation, the court may revoke the probation without imposing an intermediate sanction. Likewise, K.S.A. 2015 Supp. 22-3716(c)(9) provides that the court may revoke the probation without imposing an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction. Here, the district court expressly found that Jeffery had absconded from probation and that reinstatement to probation would not serve his interests. Jeffery does not challenge the sufficiency of these findings. Moreover, the district court's decision to revoke Jeffery's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Jeffery's probation and ordering him to serve his underlying prison sentence.

Affirmed.