NOT DESIGNATED FOR PUBLICATION

No. 114,882

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLIFTON RAY WEATHERSPOON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed June 17, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: Clifton Ray Weatherspoon appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Weatherspoon's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On June 13, 2013, Weatherspoon pled no contest to one count of attempted kidnapping and one count of robbery. On October 11, 2013, the district court imposed a controlling sentence of 64 months' imprisonment but granted a dispositional departure to probation with community corrections for 24 months.

1

At a hearing on December 29, 2014, the district court found that Weatherspoon violated his probation by committing a new offense. The district court imposed a 180-day sanction and extended Weatherspoon's probation for 24 months.

At a hearing on September 25, 2015, Weatherspoon again stipulated to violating his probation by committing new crimes. Weatherspoon sought a modified sentence while the State sought revocation of probation and imposition of the original sentence. The district court followed the State's recommendation and revoked Weatherspoon's probation and ordered him to serve the original sentence. Weatherspoon timely appealed.

On appeal, Weatherspoon contends that the district court "abused its discretion in revoking his probation and ordering him to serve his underlying prison sentence." Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Weatherspoon acknowledges, K.S.A. 2015 Supp. 22-3716(c)(8) provides that if the offender commits a new felony or misdemeanor while on probation, the district court may revoke the probation without imposing an intermediate sanction. Because Weatherspoon stipulated to committing new crimes while on probation, the district court was not required to consider an additional intermediate sanction. Although the district court could have imposed a modified sentence at the probation revocation hearing,

2

Weatherspoon has failed to meet his burden of showing that the district court abused its discretion by not imposing a modified sentence. The district court's decision to revoke Weatherspoon's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Weatherspoon's probation and ordering him to serve his original prison sentence.

Affirmed.