NOT DESIGNATED FOR PUBLICATION

Nos. 115,337
115,338
115,339
115,571

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELANA MARIA OROZCO-HERNANDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed December 16, 2016. Affirmed.

Submitted for summary disposition by the parties pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before POWELL, P.J., PIERRON and HILL, JJ.

*Per Curiam*:  Elana M. Orozco-Hernandez appeals from the district court's order revoking her probation and ordering that she serve her underlying prison sentences. Concluding that the district court did not abuse its discretion in revoking Orozco-Hernandez' probation, we affirm.

On June 3, 2013, Orozco-Hernandez was charged with one count of possession of methamphetamine, one count of possession of drug paraphernalia, and one count of theft in case No. 13CR564. On November 6, 2013, she was charged with two counts of

1

committing computer crime and one count of theft by deception in case No. 13CR1076. On January 16, 2014, Orozco-Hernandez and the State entered into a plea agreement covering both cases in which she pled no contest to one count of unlawful possession of a controlled substance, a level 5 drug felony, and one count of computer crime, a level 8 nonperson felony. The district court accepted the plea agreement.

Sentencing took place on July 22, 2014. The district court assigned Orozco-Hernandez a criminal history score of E for both charges. The court then sentenced her to a controlling term of 18 months' probation. The court set the underlying sentence for the possession charge at 20 months' incarceration and 12 months' postrelease supervision. The underlying sentence for the computer crime charge was set at 14 months' incarceration and 12 months' postrelease supervision. The underlying terms were ordered to run consecutively.

On May 12, 2014, the State charged Orozco-Hernandez with two counts of aggravated failure to appear in case No. 14CR540. On May 23, 2014, the State charged her with three counts of violating the Kansas Offender Registration Act (KORA) in case No. 14CR563. On August 18, 2014, Orozco-Hernandez and the State entered into a plea agreement in which she pled no contest to one count of aggravated failure to appear, a level 10 nonperson felony, and one count of violating KORA, a level 6 person felony. The court accepted the plea agreement.

Sentencing took place on September 8, 2014. Orozco-Hernandez' criminal history score was set at E for the charge of violating KORA and C for the charge of aggravated failure to appear. She was sentenced to 12 months' probation for the charge of aggravated failure to appear, with an underlying sentence of 10 months' incarceration and 12 months' postrelease supervision. In regard to the charge of violating KORA, the district court granted her motion for dispositional departure and sentenced her to 24 months' probation, with an underlying sentence of 30 months' incarceration and 24 months' postrelease

supervision. The court expressly found this departure was merited because Orozco-Hernandez had been placed on probation in her prior cases (13CR564 and 13CR1076), had been a jail trustee during her time of incarceration, had accepted responsibility for her actions and saved the expenses of the court, and probation would provide her the opportunity to address her substance abuse issues. Finally, the court ordered these sentences to be served consecutive to each other and to the prior sentences ordered in 13CR564 and 13CR1076.

On April 9, 2015, the State moved to revoke Orozco-Hernandez' probation, asserting she had failed to properly report. She subsequently stipulated to this violation. The disposition of her probation in all four of the above matters was continued and combined with sentencing in a fifth case, No. 15CR769.

The sentencing hearing took place on November 19, 2015. In regards to the new charges in 15CR769, the district court stated Orozco-Hernandez had been convicted of two charges of violating the KORA and sentenced her to 57 months' incarceration with 24 months' postrelease supervision for the first charge and 32 months' incarceration with 24 months' postrelease supervision for the second charge. The court ordered these two sentences to run concurrent with each other. The court then revoked Orozco-Hernandez' probation in her four prior cases: Nos. 13CR564, 13CR1076, 14CR540, and 14CR563. The court also denied her motion for a dispositional departure and found that an intermediate sanction was not appropriate. The court expressly based these decisions on Orozco-Hernandez' failure to report as directed, her additional felony conviction, and her lengthy history with the court. The court ordered Orozco-Hernandez to serve the underlying sentences consecutively. Orozco-Hernandez timely appealed the revocation of her probation.

On appeal, Orozco-Hernandez argues the district court abused its discretion when it revoked her probation. However, she concedes the district court has discretion to

3

revoke probation upon a showing that a defendant has violated the terms of his or her probation and that K.S.A. 2015 Supp. 22-3716(c)(1)(5) permits the district court to order the " violator to serve the sentence imposed, or any lesser sentence."

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the trial court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, Orozco-Hernandez stipulated to violating the terms of her probation by failing to properly report. The district court also found that her two new felony convictions in case No. 15CR769 were sufficient grounds to revoke her probation in all four prior cases. Therefore, the district court's decision to revoke Orozco-Hernandez' probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Orozco-Hernandez' probation in case Nos. 13CR564, 13CR1076, 14CR540, or 14CR563 and ordering her to serve the underlying sentences.

Affirmed.