NOT DESIGNATED FOR PUBLICATION

No. 116,914

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAMIAN CLANCY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed November 9, 2017. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Robert A. Walsh*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MCANANY and POWELL, JJ.

PER CURIAM: Damian Clancy appeals from the district court's decision, after a remarkable series of probation violations by Clancy, to revoke his probation and impose his underlying 27-month prison sentence. After reviewing the record and arguments, we find that the district court did not abuse its discretion. We, therefore, affirm.

On September 1, 2015, and pursuant to a plea agreement, Clancy pled no contest to battery of a law enforcement officer, which the State had reduced from *aggravated* battery of a law enforcement officer. The State also dismissed five other counts. The following month, the district court sentenced Clancy to 24 months of probation with an underlying presumptive 27-month prison sentence.

1

Less than three weeks after sentencing, Clancy tested positive for marijuana, resulting in a three-day jail sanction and a two-day jail sanction for missing a scheduled treatment appointment.

On November 4, 2015, the State filed a motion to revoke Clancy's probation based in part on the assertion that Clancy had not attended drug treatment as required. A few days later, the State amended its motion based on another missed treatment date which resulted when Clancy was asked to leave because he was under the influence. Clancy also did not attend treatment on November 3, 2015, and the provider again believed he was under the influence of an illegal substance that day. The State also added that Clancy had not performed any of his 50 hours of community service and had made no payments on the $1,416.50 he owed as costs.

On December 1, 2015, at the hearing on the State's motion, the district court found that Clancy had violated his probation and ordered him to serve a 120-day prison sanction under the authority of K.S.A. 2016 Supp. 22-3716(c)(1)(C). Clancy was released early from the Department of Corrections on February 18, 2016.

On March 7, 2016, Clancy agreed to serve (1) a two-day jail sanction for testing positive for alcohol on February 29, 2016; (2) a three-day jail sanction for testing positive for methamphetamine on March 2, 2016; and (3) a two-day jail sanction for missing an appointment with his supervising officer, all of which constituted violations of the terms of his probation. Clancy served these jail sanctions from March 10, 2016 to March 17, 2016.

On May 5, 2016, Clancy agreed to serve another three days in jail as a sanction for testing positive for THC. Clancy served this jail sanction from May 7, 2016 to May 10, 2016.

On May 9, 2016, the State filed another motion to revoke Clancy's probation based on several failed drug tests for alcohol and/or drugs, several missed treatment appointments, and two missed appointments with his supervising officer. The State also maintained that Clancy had not turned in any community service hours and had only paid $20 of his assessed costs.

On July 1, 2016, the district court determined that Clancy violated his probation, but it did not revoke his probation. Instead, the court ordered Clancy to enter and successfully complete in-patient treatment, including aftercare and reintegration.

On September 1, 2016, the State filed yet another motion to revoke Clancy's probation because on August 31, 2016, he was discharged from his treatment program for noncompliance with the program. On October 3, 2016, after hearing testimony from Clancy and his ISO, the district court found that Clancy had violated his probation and revoked Clancy's probation and ordered him to serve his underlying sentence. Clancy appealed.

On appeal, Clancy admits that the district court had the authority to revoke his probation and impose his underlying sentence under K.S.A. 2016 Supp. 22-3716(c)(1)(E) because the district court had imposed several intermediate sanctions for prior violations. But he argues that the district court's decision to revoke was unreasonable.

A sentencing judge grants probation as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the probation conditions, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is arbitrary, fanciful, or unreasonable, or based on an error of fact or law. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Clancy argues that he did not have any new convictions or law enforcement contact during the year he was on probation. He argues further that his problem on probation was his drug addiction, which he had addressed by completing the inpatient portion of his drug treatment program, though he failed to complete the outpatient portion of the treatment program.

Based upon our review of the record, we cannot say that no reasonable person would have revoked Clancy's probation and ordered him to serve his underlying sentence. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015) (stating that judicial discretion is abused if no reasonable person would have taken the view adopted by the district court). We find that the district court's decision to revoke Clancy's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. We, therefore, affirm the district court's decision revoking Clancy's probation and imposing his original prison sentence.

Affirmed.