NOT DESIGNATED FOR PUBLICATION

Nos. 117,819
117,820

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARTIN E. MACHUTTA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed March 2, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., STANDRIDGE and BRUNS, JJ.

PER CURIAM: Martin E. Machutta appeals the district court's decision to revoke his probation and to impose his 62-month prison sentence in two underlying criminal actions. We granted Machutta's motion for summary disposition under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State filed a response in which it asked us to affirm the district court's decision. After reviewing the record, we find that the district court did not abuse its discretion in revoking Machutta's probation. We further find that the imposition of an intermediate sanction was not required under the circumstances presented. Thus, we affirm.

1

On February 18, 2016, Machutta entered guilty pleas in Sedgwick County case Nos. 15CR3654 and 16CR214. In each case, the district court found him guilty of one count of possession of methamphetamine and one count of criminal possession of a weapon. On April 13, 2016, the district court conducted a consolidated sentencing hearing. At the hearing, the court sentenced Machutta to a total of 62 months in prison but granted a downward dispositional departure to 12 months of probation.

Machutta admits that he violated the terms of his probation. Specifically, Machutta admits that he was convicted of two new offenses shortly after he was granted probation in this case. As a result, the district court revoked Machutta's probation in case Nos. 15CR3654 and 16CR214 and ordered him to serve his underlying 62-month sentence with the Kansas Department of Corrections. In revoking his probation, the district court made a finding that intermediate sanctions were unnecessary because Machutta committed new crimes.

On appeal, Machutta contends that the district court abused its discretion in revoking his probation and ordering him to serve his original prison sentence instead of reinstating probation. Machutta argues that he sought inpatient treatment to address his drug problem. He further argues that drug treatment would allow him to pursue employment opportunities and to be successful on probation. Nevertheless, Machutta recognizes that a district court has discretion to revoke probation upon a showing that a defendant violated the terms of his or her probation and that intermediate sanctions are not required when a defendant has committed a new offense.

Unless otherwise required by law, the district court grants probation as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). If a defendant is shown to have violated the terms of his or her probation, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion only if the action is (1)

arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

After reviewing the record in these cases, we find that the district court's decision to revoke Machutta's probation was not arbitrary, fanciful, or unreasonable. It was also not based on an error of fact or law. Moreover, we agree that no intermediate sanction was required because Machutta committed new criminal offenses while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). We, therefore, affirm the district court's decision to revoke Machutta's probation and to impose his original prison sentences.

Affirmed.