NOT DESIGNATED FOR PUBLICATION

No. 119,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BREN MATTHEW COWLES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed March 1, 2019. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Rachel L. Pickering*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Bren Matthew Cowles contends the Shawnee County District Court erred in revoking his probation in a felony aggravated battery case and ordering him to serve his underlying prison sentence. We see no abuse of discretion on the district court's part given Cowles' criminal activities and chronic failure to report as directed during the probationary periods and, therefore, affirm.

In October 2014, Cowles pleaded guilty to two counts of aggravated battery in which his three-week-old daughter was the victim. Each charge is a severity level 5 felony. The district court made findings that treatment programs exist and are available

1

that likely would be more effective than the presumptive prison term in reducing offender recidivism, and that a nonprison sanction would serve community safety interests by promoting offender reformation and avoid collateral consequences to the victim. The district court sentenced Cowles to the aggravated sentence of 34 months on each count, running concurrently, and granted probation for a term of 36 months.

In fall 2015, Cowles stopped reporting as required by the terms of his probation. The district court issued an order to show cause why probation should not be revoked and a warrant for Cowles' arrest in early November 2015. Cowles remained on active warrant status until August 2016 when he stipulated to violating probation by failing to report. The district court imposed a 3-day jail sanction and extended Cowles' probation for 36 months.

In fall 2016, Cowles again stopped reporting and failed to comply with outpatient drug and alcohol treatment as required by the terms of his probation. The district court again issued an order to show cause why probation should not be revoked and a warrant for Cowles' arrest in October 2016. Cowles remained on active warrant status until March 2017. In May 2017, Cowles stipulated to violating probation by failing to report and failing to comply with programs recommended by court services. The district court imposed another three-day jail sanction and reinstated probation with no extension. The district court advised Cowles that he had already been given two chances and that this third misstep would be his last.

In fall 2017, Cowles again stopped reporting and committed burglary and criminal damage to property. In November 2017, Cowles stipulated to violating probation by failing to report and failing to remain a law-abiding citizen. Cowles admitted to stealing a boat worth over $10,000 and various items from the boat storage facility and to damaging the storage facility's door and walls. Cowles had also been convicted of a traffic offense in 2017. The district court found that Cowles had not been able to meet the basic reporting requirements of probation, that he failed to remain law abiding, and that he was

2

not amenable to probation. The district court revoked Cowles' probation and ordered him to serve the underlying prison sentence.

On appeal, Cowles does not dispute that he repeatedly violated the terms of his probation. Cowles argues only that the district court abused its discretion in refusing to continue probation with another sanction or, in the alternative, abused its discretion by refusing to impose a lesser sentence.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps:  (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). After a violation has been established, as Cowles stipulated to here, the decision to continue probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if a decision is arbitrary, fanciful, or wholly unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158 (2014). Cowles carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Cowles does not contend the district court mistook the relevant facts. Cowles argues that the district court's imposition of the underlying sentence ignores the legislative goals behind intermediate sanctions and that removing him from his family would interfere with his rehabilitation and reintegration into society. He says he demonstrated some progress toward rehabilitation by giving up his cellular phone to sever ties with bad influences and by enrolling in automotive mechanic classes. But the district court complied with the statutory scheme for intermediate sanctions and, therefore, did not act outside the governing legal framework. Ultimately, Cowles argues

3

the district court's decision to send him to prison was so extreme that no reasonable judicial officer would come to that conclusion under the circumstances. We disagree.

Cowles consistently showed an inability to comply with the most basic terms of probation. Cowles' violations grew worse with each successive set of violations. Cowles' argument that imposition of the underlying sentence will work against his rehabilitation ignores other goals behind the Legislature's penological scheme, including retribution, deterrence, and incapacitation. See *State v. Reed*, 51 Kan. App. 2d 107, 111, 341 P.3d 616 (2015) (citing *Graham v. Florida*, 560 U.S. 48, 71, 130 S. Ct. 2011, 176 L. Ed. 2d 285 [2010]). The charges in this case were for severe crimes against a 3-week-old child, and the Legislature set 31 to 34 months in prison as the standard punishment for crimes of this severity. When a district court warns a defendant, as it did here, that his third opportunity at probation will be his last chance to get it right, reinstating probation a fourth time undercuts deterrence not only for the particular defendant but for other defendants, as well.

Cowles' record during probation has shown him to be an increasing risk to society warranting some degree of incapacitation. In light of Cowles' progressively worse violations, probation also has not led to any demonstrable rehabilitation. Probation has proved to be an ineffective means of carrying out any of the Legislature's penological goals in Cowles' case. Given all of that, we have no difficulty concluding that many district courts would have sent Cowles to prison for his underlying sentence rather than continuing to offer him leniency in light of his inability to comply with the terms of probation. All of those reasons also support the district court's decision not to impose a shorter term of incarceration. That determination, too, was well within the district court's discretion.

Affirmed.