NOT DESIGNATED FOR PUBLICATION

No. 120,790

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAUN R. MCKELLIP,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed November 22, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Shaun R. McKellip appeals the revocation of his probation. We granted his motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed a response and agrees that summary disposition is appropriate. Finding no error, we affirm.

In March 2017, McKellip was charged with, and pled guilty to, one count of failure to register. He received a downward departure sentence of 24 months' probation with an underlying 43 month prison sentence.

1

In October 2018, the State filed a warrant in which it alleged that McKellip was using drugs and failed to report as required. McKellip was also arrested and charged with possession of drug paraphernalia. McKellip admitted to the allegations and waived his right to an evidentiary hearing. The State asked the district court to order McKellip to serve his original sentence. McKellip asked that he be given a chance to enter treatment for his mental health and substance abuse issues. The district court revoked McKellip's probation and ordered him to serve the underlying sentence. McKellip appeals.

McKellip received permission to submit his case to us under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). In his motion for summary disposition of a sentencing appeal, McKellip argues the district court abused its discretion by refusing to reinstate probation and impose a less severe sanction. McKellip acknowledges that statutes and caselaw require that we affirm the district court.

K.S.A. 2018 Supp. 22-3716(c)(8)(A) allows the district court to bypass an intermediate sanction if the offender commits a new crime while on probation. And it is well established that probation is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). McKellip admitted that he violated the terms of his probation by using marijuana and methamphetamines, and it is undisputed that he committed a new offense while under supervision. Given that admission, and in light of the fact that revocation was well within the district court's discretion, we affirm the revocation and imposition of McKellip's underlying sentence.

Affirmed.