NOT DESIGNATED FOR PUBLICATION

No. 120,423

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER ALLEN BERGMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed March 6, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Christopher Noone*, legal intern, *Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: Christopher A. Bergman contends the Sedgwick County District Court erred in revoking his probation in a felony drug possession case and ordering him to serve the prison sentence. We see no abuse of discretion on the district court's part given Bergman's new criminal activities and his continuing abuse of alcohol and illegal drugs after he was placed on probation. We affirm the district court.

In March 2017, Bergman pleaded guilty to knowingly and unlawfully possessing methamphetamine, a severity level 5 nonperson felony. In July 2017, the district court held Bergman's sentencing hearing. The district court found that Senate Bill 123 applied and granted

1

Bergman probation. The district court ordered a sanction of 60 days but suspended the sanction on the condition that Bergman comply with the terms of probation. The district court ordered drug and alcohol treatment and required Bergman to participate in Alcoholics Anonymous, Narcotics Anonymous, or Cocaine Anonymous. The district court sentenced Bergman to a mitigated sentence of 14 months in prison and 12 months of postrelease supervision.

Within a month, Bergman had tested positive for alcohol and THC on multiple random urine analyses. On September 15, 2017, the district court issued a warrant for Bergman's arrest due to allegations of repeated violations of the terms of his probation related to substance abuse, and he was taken into custody a few days later.

The district court held a probation violation hearing on October 5, 2017. The State asked that the district court impose a short jail sanction and put Bergman into the residential program so that he had a second chance to be successful on probation. Bergman asked that the district court treat his 36 days in custody as the equivalent of a sanction and to place him back on probation without ordering him into the residential program. The district court followed the State's recommendation and ordered Bergman to serve three days in jail as a sanction for the probation violations, to participate in the residential program, and to remain in jail on the original 60-day sanction until a place in the residential program opened up.

In April and May 2018, Bergman failed to report to his intensive supervision officer as required by the terms of his probation. The district court issued a bench warrant for Bergman's arrest on May 9, 2018.

Bergman was taken into custody in mid-June. On June 25, 2018, the State alleged Bergman had committed the new crimes of aggravated battery, aggravated domestic battery, domestic battery, and criminal restraint on June 15, 2018. Based on these allegations, the district court issued a new bench warrant on June 26, 2018.

In the new criminal case, Bergman pleaded guilty to aggravated battery and aggravated domestic battery, and the State dismissed the remaining charges. Bergman admitted to chasing

2

his victim around the house, hitting her with a baseball bat, and choking her. The district court accepted Bergman's plea and found him guilty of aggravated battery and aggravated domestic battery.

The district court held a joint sentencing and probation violation hearing on October 31, 2018. The State argued that Bergman's escalation to violent person felonies while on probation demonstrated he was a public safety risk. The State asked the district court to impose the aggravated presumptive sentence in the new case and to impose the underlying sentence in this probation case. Bergman argued that his history showed the violent crime to be an isolated incident stemming from substance abuse and that he should be allowed to pursue treatment on probation in both cases. The district court sentenced Bergman to a total of 44 months in the new case. The district court then revoked Bergman's probation in this case and ordered him to serve the sentence imposed. We now have Bergman's appeal of his probation revocation and disposition in front of us.

On appeal, Bergman doesn't dispute he violated the terms of his probation multiple times or that the district court had the legal authority to require him to serve the prison sentence. Bergman argues only that the district court abused its discretion in refusing to continue him on probation or, in the alternative, abused its discretion by refusing to impose a lesser sentence.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). After a violation has been established, as happened here based on Bergman's guilty plea, the decision to continue probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See 286 Kan. at 227-28. Judicial discretion has been abused if a decision is arbitrary, fanciful, or wholly unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158 (2014).

Bergman carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Bergman does not contend the district court mistook the relevant facts or law. Bergman argues that the district court's imposition of the underlying sentence ignores the root cause of his problems. Bergman argues the district court's decision to send him to prison was so extreme that no reasonable judicial officer would come to that conclusion under the circumstances. We disagree.

Bergman repeatedly showed an inability to comply with even the basic terms of probation. Bergman's violations escalated rapidly from the continued use of alcohol and drugs in direct violation of the terms of probation to committing violent crimes. Bergman's argument that imposition of the underlying sentence will work against his rehabilitation ignores the other goals behind the Legislature's penological scheme, including retribution, deterrence, and incapacitation. See *State v. Reed*, 51 Kan. App. 2d 107, 111, 341 P.3d 616 (2015) (citing *Graham v. Florida*, 560 U.S. 48, 71, 130 S. Ct. 2011, 176 L. Ed. 2d 825 [2010]). Here, Bergman was afforded multiple opportunities to conform to the requirements of probation and would not or could not do so. Where, as here, those violations culminate in the commission of new and dangerous crimes, probation revocation advances significant legislative policies grounded in public safety concerns related to deterrence and incapacitation.

Bergman's record during probation has shown him to be an increasing risk to society warranting some degree of incapacitation. In short, Bergman could not take advantage of the rehabilitative purpose of probation. The district court acted well within its discretion to revoke Bergman's probation in this case and to require he serve the underlying prison sentence.

Affirmed.