NOT DESIGNATED FOR PUBLICATION

Nos. 122,087
122,088

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYAN L. GREEN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed August 28, 2020. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: In these consolidated cases, Bryan L. Green Jr. appeals following the district court's revocation of his probation and imposition of his underlying sentences. We granted Green's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). On appeal, Green does not challenge the revocation of his probation. Rather, he contends that the district court abused its discretion by requiring him to serve his underlying sentences after his probation was revoked. Specifically, Green argues that the district court should have reinstated his probation because there are treatment options for drug addiction treatment and family support available to him. Under the circumstances presented, we conclude that the district court did not abuse its discretion in ordering Green to serve his underlying sentences. Thus, we affirm.

1

On April 6, 2018, in Reno County case No. 15 CR 157, Green pleaded guilty to possession of methamphetamine with intent to sell, possession of drug paraphernalia with intent to distribute, possession of marijuana, possession of drug paraphernalia, interference with law enforcement, aggravated false impersonation, and identity theft. As a result, the district court found him to be guilty. In addition, Green pleaded guilty to failure to register as a drug offender—and was found guilty by the district court—in Reno County case No. 16 CR 360.

On June 29, 2018, the district court sentenced Green to a total prison term of 92 months and 36 months of postrelease supervision in case No. 15 CR 157. At the same hearing, the district court also sentenced Green to a prison term of 43 months and 24 months postrelease supervision in case No. 16 CR 360. However, the district court graciously granted Green downward dispositional departures to 36 months of probation in case No. 15 CR 157 and to 24 months of probation in case No. 16 CR 360.

On February 14, 2019, Green admitted that he had violated the terms of his probation by using and testing positive for methamphetamine. He waived his right to a hearing and served a 60-day jail sanction. Less than a year later, on October 1, 2019, the State moved to revoke Green's probation for various reasons, including testing positive for methamphetamine, association with persons engaged in illegal drug use, and committing the new crime of possession of a firearm by a felon. At a hearing held on October 8, 2019, the State presented evidence of the alleged probation violations and after considering the evidence, the district court revoked Green's probation. The district court then turned to the issue of disposition.

The State asked the district court to impose the underlying sentences. In support of its position, the State noted Green's 31 prior convictions—most of which were drug

2

related—as well as his commission of a new crime. The State also pointed out that Green continued to associate with known drug offenders and that he had repeatedly failed to address his substance abuse issues while on probation. However, Green asked the district court to reinstate his probation. In support of his position, Green noted that he had accepted responsibility for his continued drug use and for having shot guns despite being a convicted felon. In addition, Green asserted that he relapsed after learning about the violent death of one of his sisters. Finally, Green acknowledged that he was suffering from a drug problem and stated that he wanted to receive treatment.

Ultimately, the district court decided to remand Green to the custody of the Kansas Department of Corrections to serve his underlying sentences. In reaching this decision, the district court found:

> "Mr. Green, if it had just been, just your own use, I would be a lot more sympathetic because what happened to your sister is horrible and I can't imagine dealing with that, the grief. But the fact that you—I just, I cannot give you grace, I guess, on the association with all of the firearms and, and just shooting them apparently. The fact that nobody was hurt, no animals were hurt, is pretty remarkable. And it just was too dangerous a situation and you, you are lucky to have your sister, and I'm sure she will be there for you when you get done here. You will still be young. You'll still have the opportunity to say, that was then and this is now, and I'm going to be a different person. You're obviously well-spoken and intelligent. That's a lot going for you as you try to construct a life. But I just can't—well, you need to serve these sentences and the controlling is 15 CR 157, the 83 months."

Subsequently, Green filed a timely notice of appeal in the two cases. At Green's request, we consolidated the appeals because they involve common issues of law and fact. We also granted Green's request for summary disposition of his appeal.

3

ANALYSIS

On appeal, Green contends that the district court abused its discretion by requiring him to serve his underlying sentences following the revocation of his probation. Judicial discretion is abused only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). The party asserting the district court abused its discretion—in this case Green—bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Unless otherwise required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Based on the severity level of Green's offenses and his criminal history score, the relevant sentencing guidelines called for the imposition of a presumptive prison sentences. See K.S.A. 2019 Supp. 21-6804 (sentencing grid for nondrug crimes); K.S.A. 2019 Supp. 21-6805 (sentencing grid for drug crimes). However, the district court showed him mercy and granted him probation in both cases.

Based on our review of the record on appeal, we conclude that the district court did not abuse its discretion in imposing Green's underlying sentences after revoking his probation. A review of the record shows that Green was given multiple opportunities to change the direction of his life on probation. Instead of taking advantage of these opportunities, Green continued to use drugs and to commit new crimes. We also note that the district court had already imposed the statutory intermediate sanctions the first time that he violated the terms of his probation. Under these circumstances, the district court was well within its discretion to impose Green's underlying sentences. See K.S.A. 2019 Supp. 22-3716(c)(7)(C); see *State v. Skolaut*, 286 Kan. 219, 227-29, 182 P.3d 1231 (2008).

In summary, we find the district court's decision to require Green to serve his underlying sentences to be reasonable. Likewise, we do not find that the district court made an error of law or fact. Accordingly, we conclude that the district court did not abuse its discretion and affirm its decision.

Affirmed.